RAWLS, Chief Judge.
Appellant brings this appeal from a judgment of conviction of one count of robbery and one count of possession of a firearm while engaged in a criminal offense, and a subsequent sentence on each count with the sentences to run consecutively.
After carefully reviewing the arguments of counsel and the record on appeal, we find the points posed by appellant to be without merit.
Sua sponte, we do find fundamental error in the sentences imposed by the trial court. The Supreme Court of Florida, in reviewing a similar factual situation in Cone v. State,[1] quashed this Court’s per curiam affirmance of a judgment of the instant trial court imposing concurrent sentences: 1) for the offense of armed robbery, and 2) for the offense of displaying or using a firearm during the commission of the robbery.[2] The Supreme Court held in Cone that the two crimes charged were a part of the same criminal act and directed the trial court to eliminate the sentence as to possession of a firearm while engaged in a criminal offense.
On the authority of Cone, supra, the cause is remanded with directions that the sentence below be amended by eliminating therefrom the part sentencing defendant to “ . . . twenty (20) as to Count Two [possession of a firearm while engaged in a criminal offense] said sentences to run consecutively.” Otherwise, the judgment of conviction is affirmed.
Affirmed in part; reversed in part and remanded with directions.
JOHNSON and CARROLL, DONALD K., JJ., concur.

. Cone v. State, Fla., 285 So.2d 12, Opinion filed March 7, 1973.

. The identical offenses in the case at bar.