PER CURIAM.
Appellant was convicted of two separate armed robberies and, in separate counts, of using a firearm in the commission of each of said robberies. Appellant was also convicted of an assault on a third victim with intent to commit murder in the first degree and, again in a separate count, of using a firearm in the commission of that assault. He was sentenced to consecutive life sentences for each of the robberies and also given five-year consecutive sentences on each “firearm” count. In addition, appellant was sentenced to a consecutive term of fifteen years for the assault with intent to murder charge and given another consecutive five years for the use of the firearm therein. Appellant filed a timely consolidated appeal.
We find that the grounds relied upon by appellant for reversal of the judgments are without merit. However, the matter that concerns us, yet not raised in the briefs, is that the trial court imposed separate consecutive sentences on appellant for using a firearm in the commission of each of the above-mentioned felonies. This is impermissible since the use of the firearm in each case was the same act which constituted the assault required in each case. Thus, of itself, such use became a facet or phase of the same transaction, to-wit; the completed crime, and merged therein upon a finding of guilt thereof.[1]
Accordingly, as to the three convictions of using a firearm in the commission of a felony, this cause is remanded with directions that the sentences therefor be vacated and set aside.
Affirmed in part and reversed in part.
HOBSON, A. C. J., and McNULTY and BOARDMAN, JJ., concur.

. See, Hernandez v. State (Fla.App.1973), 278 So.2d 307. See also, Cone v. State, Fla.1973, 285 So.2d 12; Harris v. State (Fla App.1973), 286 So.2d 32; Wright v. State (Fla.App.1973), 279 So.2d 70; Davis v. State (Fla.App.1973), 277 So.2d 300; and Easton v. State (Fla.App.1971), 250 So.2d 294.