290 So.2d 551 (1974)
Robert Cleveland HARDEN, Appellant,
v.
STATE of Florida, Appellee.
No. T-347.
District Court of Appeal of Florida, First District.
March 5, 1974.
Louis O. Frost, Jr., Public Defender; and James O. Brecher, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn Snurkowski, Asst. Atty. Gen., for appellee.
BOYER, Judge.
We have for review a sentence imposed by the trial judge without first receiving and considering recommendations of the Parole Commission after a presentence investigation in accordance with Rule 3.710, Florida Rules of Criminal Procedure, 33 F.S.A.
After entering a plea of nolo contendere to the offense of forgery the defendant testified before the trial judge that he had served six months in 1967 for petit larceny, thirty days for shoplifting in 1967 and that he was fined $25.00 for possession of marijuana in 1970. The defendant further related to the court that he was on a methadone program in relation to a drug problem since returning from Vietnam. The judge then asked the defendant if he had any legal cause to show why sentence should not then be imposed to which appellant replied: "No, sir." A sentence of four years at hard labor was immediately imposed.
The sole point on this appeal is whether the sentence imposed was illegal because of the trial court's failure, before sentencing, to receive and consider the recommendations of the Parole Commission following a presentence investigation.
There is no suggestion that the defendant had any prior felony record and he was over 18 years of age.
The State urges that appellant's counsel had an opportunity to request a presentence investigation and an opportunity to object to the sentencing without the court having first ordered a presentence investigation and that having failed to do so the defendant had now waived that right. While our sympathies are with that position, nevertheless, the rule is clear and unambiguous and appears to be to the contrary.
It is not our prerogative to pass upon the desirability of the rule nor the logic behind its adoption. We are not unaware *552 of the burdens imposed by the rule upon the harried trial judge, over-worked Parole Commission, and an over-burdened taxpaying public which must bear the brunt of the ultimate expense of all; but those are not the issues before us.
The rule in question clearly and specifically and mandatorily provides that:

"No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge." (Emphasis added.)
Clearer language could hardly have been found by the scrivener of that rule. It clearly and specifically prohibits the imposition of a sentence on any defendant found guilty of a first felony offense until: (a) after a presentence investigation has first been made and (b) the recommendations of the commission received and considered by the sentencing judge.
In the case sub judice there was no evidence before the trial judge that the defendant had been found guilty of any prior felony offense and it is admitted that there was no presentence investigation and therefore no recommendations of the commission received or considered by the sentencing judge.
Accordingly, the sentence imposed upon the appellant is vacated and set aside and this case is remanded for further proceedings consistent herewith and consistent with the requirements of Rule 3.710, Florida Rules of Criminal Procedure.
JOHNSON, J., concurs.
SPECTOR, Acting C.J., dissenting.
SPECTOR, Acting Chief Judge (dissenting):
I respectfully dissent from the decision of the majority herein. In my view, the trial court's failure to request a presentence investigation prior to imposition of sentence, as required by Florida Criminal Procedure Rule 3.710, was harmless error when it appears from the record that appointed defense counsel was present at the sentencing and did not object to the imposition of sentence when the court made inquiry.
It seems contrary to the spirit and intent of the harmless error statute, as well as the well recognized rule that a party will not be heard on appeal to complain of rulings to which he did not object at trial.
There is no contention by appellant that a presentence investigation report would have revealed circumstances that would tend to affect the trial court's determination of sentence. In absence of such a contention, I fail to see how appellant has been prejudiced by noncompliance with Rule 3.710.
Accordingly, I dissent on authority of State v. Jones, 204 So.2d 515 (Fla. 1967).