292 So.2d 620 (1974)
Leslie MITCHUM a/K/a Lester Mitchell, Appellant,
v.
STATE of Florida, Appellee.
No. T-279.
District Court of Appeal of Florida, First District.
April 9, 1974.
Richard W. Ervin, III, Public Defender, and Robert C. Parker, Jr., Sp. Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
*621 BOYER, Judge.
We have for review a sentence imposed by the trial judge without the benefit of a presentence investigation in accordance with Rule 3.710, Florida Rules of Criminal Procedure, 33 F.S.A.
On February 17, 1973, Roosevelt Allen and the appellant, Leslie Mitchum, met Ralph Grier at Singleton's Barbeque on Edgewood Avenue in Jacksonville, Florida. The trio traveled in Grier's automobile to Garmel's Chicken on New Kings Road. Allen went inside; Grier and the appellant stayed in the car. The appellant then asked Grier to pull around behind the building but this was refused. After a few minutes argument over where Grier should park, appellant got out of the car and went into the building. He and Allen were at the counter after having bought some chicken and appellant started complaining about the price of the chicken. At this point Allen pulled a gun on Melvin Gottlieb, one of the owners and the appellant forced the other owner, Saul Gottlieb and an employee, Betty Grate, into the kitchen. Allen then took a pistol and seventy-five dollars from Melvin Gottlieb. This included some silver certificates which Gottlieb had collected and put in his wallet. These silver certificates were later taken from the appellant when he was arrested.
Meanwhile, the appellant took twelve dollars from Saul Gottlieb and one hundred dollars from Betty Grate. All of the victims were then forced to lie face down on the floor as the offenders fled in the car driven by Grier.
Apparently Grier was a victim of circumstances and had no idea of the robbery until after it happened. During the course of the night, after the robbery, Grier parted company with the other two for a few minutes. He stopped by his home where he told his mother to call the police and tell them what had happened. He also told them the vicinity in which they would be found.
The trio then stopped for gas at Gates Service Station, where they were apprehended. The appellant was caught trying to get rid of the money and pistol taken from Garmel's. Also taken from the appellant was a .32 caliber revolver used in the commission of the robbery. Allen was caught in the back seat of the car. Grier was not arrested.
Appellant was charged by information with robbery and use of a firearm during the commission of a felony.
A jury trial resulted in a verdict of guilty on each of the three counts of robbery and on one count of use of a firearm during the commission of a felony. Appellant was adjudged guilty and sentenced to seventy-five years in prison. The sentence was handed down without a presentence investigation having been conducted.
The sole point on this appeal is whether the sentence imposed was illegal because of the trial court's failure, before sentencing, to receive and consider the recommendations of the Parole Commission following a presentence investigation.
The appellant was over 18 years of age and there is no suggestion that he had any prior felony record.
Florida makes it imperative in some instances a presentence investigation be concluded prior to the sentencing of an offender. The rule in Florida is unequivocal:
"In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge." R.Cr.P. 3.710. (Emphasis supplied)
*622 The Committee Note following the rule makes it abundantly clear that a presentence report is mandatory in the sentencing of a first felony offender. There is nothing in the record of the present case to reflect that the appellant is anything but a first offender. Therefore, a presentence report should have been conducted.
This Court had occasion to consider a similar situation in Harden v. State, Fla. App. 1974, 290 So.2d 551. There we said:
"The State urges that appellant's counsel had an opportunity to request a presentence investigation and an opportunity to object to the sentencing without the court having first ordered a presentence investigation and that having failed to do so the defendant had now waived that right. While our sympathies are with that position, nevertheless, the rule is clear and unambiguous and appears to be to the contrary.
"It is not our prerogative to pass upon the desirability of the rule nor the logic behind its adoption. We are not unaware of the burdens imposed by the rule upon the harried trial judge, overworked Parole Commission, and an over-burdened taxpaying public which must bear the brunt of the ultimate expense of all; but those are not the issues before us.
* * * * * *
"Clearer language could hardly have been found by the scrivener of that rule. It clearly and specifically prohibits the imposition of a sentence on any defendant found guilty of a first felony offense until: (a) after a presentence investigation has first been made and (b) the recommendations of the commission received and considered by the sentencing judge.
"In the case sub judice there was no evidence before the trial judge that the defendant had been found guilty of any prior felony offense and it is admitted that there was no * * * recommendations of the commission received or considered by the sentencing judge."
This opinion should not be interpreted as a holding that presentence investigation may not be waived by the defendant; nor did we intend to so hold in Harden v. State, supra: But we do hold that the mere failure to request a presentence investigation pursuant to Rule 3.710 R.Cr. P. does not constitute a waiver.
Accordingly, the sentence imposed upon the appellant is vacated and set aside and this case is remanded for further proceedings consistent herewith and consistent with the requirements of Rule 3.710, R. Cr.P.
SPECTOR, Acting C.J., and JOHNSON, J., concur.