HOBSON, Judge.
Appellant pled guilty to charges of robbery, assault with intent to commit rape, and having a firearm while committing or *125 attempting to commit a felony, to wit, robbery. He was adjudged guilty and sentenced to life imprisonment on the robbery charge, and to fifteen years on each of the other charges, the sentences to run concurrently.
The grounds relied upon by appellant for reversal of the judgment are without merit.
The lower court erred, however, in imposing a separate sentence for having a firearm while committing or attempting to commit a felony, to wit, robbery, since the “firearm” charge was a facet of the robbery charge. The only valid sentence that could have been entered was for the highest offense. Cone v. State, Fla.1973, 285 So.2d 12; Simmons v. State, Fla.App.2d 1973, 287 So.2d 369; Smith v. State, Fla. App.2d 1974, 287 So.2d 404.
The sentence on the lesser “firearm” charge is vacated, and the judgment is
Affirmed as modified.
MANN, C. J., and GRIMES, J., concur.