296 So.2d 67 (1974)
Larry Paul STILL, Appellant,
v.
STATE of Florida, Appellee.
No. U-473.
District Court of Appeal of Florida, First District.
June 25, 1974.
Richard W. Ervin, III, Public Defender; and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
JOHNSON, Judge.
We have for review consecutive sentences imposed upon convictions, entered pursuant to jury verdicts, for the offenses of robbery, use of a firearm during the commission of a felony and assault with intent to commit a felony. The sentences were imposed by the trial jury without the benefit of a presentence investigation.
It is contended by appellant that the trial court erred in imposing said sentences because (1) a presentence investigation was not conducted and (2) each of the offenses charged was but a facet or phase of the same criminal transaction, and the only sentence which should have been imposed was for the highest offense charged, to wit: robbery. The State has candidly *68 agreed that error occurred in these respects, but, with regard to the "single transaction" theory, it is urged by the State that the assault charge was a different phase or facet of the robbery charge.
We have carefully examined the record on appeal and the briefs filed by counsel. It is our conclusion that the trial court erred in imposing sentences upon appellant without the benefit of a presentence investigation, there being nothing in the record to indicate that appellant has been convicted of a prior felony offense. See Florida Rules of Criminal Procedure 3.710, 33 F.S.A.; Harden v. State, 290 So.2d 551 (Fla.App. 1st, 1974) and Mitchum v. State, 292 So.2d 620 (Fla.App. 1st, 1974). We further conclude that the robbery charge and the use of a firearm charge were but facets or phases of the same criminal action and that only one sentence should have been imposed for the robbery conviction. See Cone v. State, 285 So.2d 12 (Fla. 1973); Williams v. State, 287 So.2d 382 (Fla.App. 1st, 1973); and Norris v. State, 288 So.2d 553 (Fla.App. 1st, 1974). We fully agree with the State's contention that the third offense charged, assault with intent to commit a felony, was a different and separate criminal act for which a separate sentence could be imposed.
Were the number of sentences imposed the only error occurring herein, we would simply eliminate and vacate that portion of the sentence imposed for the use of a firearm charge without the necessity of bringing the appellant back into Court for new sentencing. However, in view of the fact that the trial court failed to order and consider a presentence investigation, the sentences imposed upon appellant are vacated and set aside and this case is remanded for further proceedings consistent with the cases cited in this opinion and with the requirements of Criminal Procedure Rule 3.710.
It is so ordered.
SPECTOR, Acting C.J., and BOYER, J., concur.