305 So.2d 283 (1974)
Tyre Andre Jermaine ANGEL, Appellant,
v.
STATE of Florida, Appellee.
No. V-31.
District Court of Appeal of Florida, First District.
December 19, 1974.
*284 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Donald K. Rudser, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant was tried by jury and found guilty on each count of a two count information. The first count charged breaking and entering with intent to commit a misdemeanor, to wit: petit larceny. The second count charged breaking and entering with intent to commit a felony, to wit: grand larceny. He appeals from the judgment and sentence on conviction on both counts.
We find the evidence sufficient to support the conviction on the first count.
As to the second count, appellant contends that the only evidence presented as to the value of the property taken (an electronic calculator) was inadmissible. We agree. The only evidence presented on this point was that of the manager of the housing project from which the calculator was taken. He testified that he had seen the invoice for the purchase of the calculator and it showed its cost to have been $362 when purchased about a year and a half previously; that he had not brought the invoice with him to trial. Appellant's counsel objected to this testimony and moved to strike same on the ground that it was hearsay and that the bill of sale was the best evidence. The trial court overruled the objection and denied the motion to strike. The witness had not purchased the calculator himself and therefore could not testify as to its cost independent of the invoice. Also, not being the owner, he could not testify as to his opinion of its current value in the absence of sufficient qualifying testimony to support such an opinion. These facts distinguish this case from our recent opinion in Vickers v. State, Fla.App., 303 So.2d 700, 1974. The manager's testimony as to what he had seen on the invoice was not the best evidence and was, therefore, inadmissible. For this reason, we must reverse as to the second count.
Appellant also contends on this appeal that the sentences must be vacated for failure of the trial court to obtain a presentence investigation and recommendation in violation of Rule 3.710, F.R.Cr.P., which provides in pertinent part as follows:
"In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense... until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge." (Emphasis supplied)
Although appellee's attorney states in his brief that he had found that appellant does have a previous felony record, there is no showing of such felony record in the record in this case. The sentences must, therefore, be vacated. See Harden v. State, Fla.App. (1st), 290 So.2d 551 and Mitchum v. State, Fla.App. (1st), 292 So.2d 620.
Reversed and remanded with the following directions:
1. As to the sentence on Count I, the trial court may either vacate same and then obtain a presentence investigation and recommendation and consider them before resentencing or it may hold a *285 hearing at which it must be established that appellant has previously been convicted of a felony.
2. As to Count II, the trial court shall vacate the judgment and sentence and adjudge appellant guilty of the lesser included offense of breaking and entering with intent to commit a misdemeanor, to wit: petit larceny; and then sentence for same after obtaining a presentence investigation and recommendations or after establishing at a hearing that appellant has previously been convicted of a felony. See Section 924.34, Florida Statutes; Davis v. State, Fla.App. (1st) 261 So.2d 517; and Negron v. State, Fla., 306 So.2d 104, 1974.
RAWLS, C.J., and JOHNSON, J., concur.