ON PETITIONS FOR REHEARING
DOWNEY, Judge.
We are presented with the anomalous situation of both appellant and appellee petitioning for a rehearing.
We previously affirmed the judgment of conviction in this case but reversed the sentences as violating the “facets of the same transaction rule.”
Appellant was charged in four counts with robbery, use of a firearm in the commission of a felony, and two counts of aggravated assault. One aggravated assault count involved the victim of the robbery, the other involved a policeman who came upon the scene after the robbery. Appellant was convicted of robbery, use of a firearm in the commission of a felony, and of the aggravated assault count involving the robbery victim. He was acquitted of the aggravated assault count involving the police officer. The court sentenced appellant to serve consecutive sentences of life imprisonment, fifteen years and five years.
The state maintains that assault with intent to commit a felony and robbery are not part of the same transaction, relying upon Davis v. State, Fla.App.1974, 295 So.2d 124; and Still v. State, Fla.App.1974, 296 So.2d 67. We fail to find support for that proposition' in the Davis case and we disagree with the breadth of the statement in Still. From the opinion in the latter case one cannot determine the factual setting for the charges involved.
In the case at bar, if appellant had been convicted on the count involving aggravated assault upon the police officer, we would be dealing with a separate criminal act not involved in the same transaction. That alleged assault took place after the transaction involving the robbery, the use of a firearm in the commission of a felony, and the assault upon the robbery victim. However, the robbery and the use of the firearm therein make up the very acts which constitute the aggravated assault upon the robbery victim. Thus, we maintain they are all but facets of the same transaction and appellant is properly sentenced only for the highest offense. See Edmond v. State, Fla.App. 1973, 280 So.2d 449, and Judge Mann’s exposition of the basis for the rule in question,
We have also considered appellant’s petition for rehearing and find it to be without merit.
Accordingly, the petitions for rehearing filed by appellant and appellee are denied.
MAGER, J., concurs.
ALDERMAN, JAMES E., Associate Judge, dissents, with opinion.