HENDRY, Judge.
The appellant seeks review of a conviction for robbery and aggravated assault and a sentence totaling eighty years in the state penitentiary.
Two points on appeal have been presented to this court. Under his first point, appellant contends that the trial court erred by failing to charge the jury on the offense of assault and battery as a lesser included offense of aggravated assault, which was charged in the indictment.
After a review of the Florida Supreme Court’s holdings in State v. Smith, Fla.1970, 240 So.2d 807, and State v. Anderson, Fla.1972, 270 So.2d 353, we have concluded that no reversible error has been demonstrated under appellant’s first point.
Secondly, appellant argues that his sentence should be vacated and this cause remanded to the trial court for resentenc-ing because the court did not first order a presentence investigation before imposing sentence. We find merit to this contention.
From the record, we cannot conclude that the appellant had committed a prior felony offense. Under the Florida rules of criminal procedure (Rule 3.710), a presen-tence investigation is mandatory where any defendant has been found guilty of his first felony offense, and the court must consider the investigation and recommendations made by the Probation and Parole Commission prior to sentencing. See, Mitchum v. State, Fla.App.1974, 292 So.2d 620; Harden v. State, Fla.App.1974, 290 So.2d 551.
In addition, the defendant’s failure to request a presentence investigation in the trial court which is mandated under Rule 3.710, does not constitute a waiver.'
Therefore, for the reasons stated, the judgment appealed is affirmed; however, the sentence is vacated and the cause is remanded for re-sentencing in accordance with the provisions of R.Cr.P. 3.710.
It is so ordered.