309 So.2d 576 (1975)
Maurice ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. U-445.
District Court of Appeal of Florida, First District.
March 20, 1975.
Richard W. Ervin, III, Public Defender; and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
BOYER, Judge.
We here consider, among other things, applicability to this particular case of Rule 3.710 RCrP. Mitchum v. State, Fla.App. 1st 1974, 292 So.2d 620 and Barber v. State, Sup.Ct.Fla. 1974, 293 So.2d 710 are both distinguishable because they each involve a factual situation in which the offender was over 18 years of age. However, the discussions of the rule therein contained are here applicable.
In July of 1973 appellant was convicted of a felony and placed on probation. He was subsequently convicted of aggravated assault and of the use of a firearm in the commission of a felony. Appellant was *577 then 17 years of age. Immediately following announcement of the jury's verdict the trial court, without presentence investigation, sentenced appellant to five years for aggravated assault and 15 years for the use of a firearm in the commission of a felony, both sentences to run concurrently. At the same time the trial judge revoked appellant's probation incident to the July 1973 felony conviction and sentenced him to five years imprisonment to run concurrently with the other two sentences.
Rule 3.710 RCrP prohibits imposition of sentence (other than probation) without the benefit of presentence investigation on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years. Clearly appellant's convictions for aggravated assault and use of a firearm in the commission of a felony were not his first felony offenses. However, equally clearly, appellant was under 18 years of age. Regarding defendants under 18 years of age the rule provides:
"No sentence or sentences other than probation shall be imposed on any defendant * * * found guilty of a felony while under the age of 18 years, until after such investigation has first been made * * * and considered by the sentencing judge."
The rule is mandatory. (Mitchum v. State, supra)
Appellant also contends that the trial court erred in imposing separate sentences for the offenses of aggravated assault and the use of a firearm in the commission of a felony since both offenses were part of a single transaction, citing Cone v. State, Sup.Ct.Fla. 1973, 285 So.2d 12. The State agrees, confessing error, but suggests that the sentence for five years for aggravated assault should be eliminated without the necessity of bringing the defendant back before the trial judge for resentencing, citing Carr v. State, Fla.App. 1st 1972, 264 So.2d 871.
We have considered the other points raised by appellant and find them to be without merit.
Accordingly, as to the sentence of five years for aggravated assault, same is hereby vacated and set aside: As to the other sentences, they too are vacated and set aside and this case is remanded for a presentence investigation pursuant to Rule 3.710 RCrP, and thereupon further proceedings consistent herewith.
It is so ordered.
RAWLS, C.J., concurs.
McCORD, J., concurs specially.
McCORD, Judge (concurring specially).
I agree with the foregoing opinion, but I consider that some discussion is warranted of an additional point raised by appellant. It is contended by appellant that the verdict is contrary to the law in that appellant was found guilty of a crime (aggravated assault) not alleged nor necessarily included in the information. The first count of the information charged robbery and the second count charged use of a firearm in the commission of a felony. The trial court instructed the jury on aggravated assault as a lesser included offense of the robbery charge after stating to counsel at the conference on instructions that he would do so. (He also instructed on other crimes as lesser included offenses). Appellant made no objection at that time and later when the court asked on the record if he had any objections to the charges, he stated that he did not. Further, appellant made no objection to the jury being given a form of verdict on aggravated assault. In addition, the record does not show that this specific point was raised on motion for a new trial, though the motion for a new trial does show a general ground that the verdicts were contrary to the law. It, thus, appears that this point has been raised for the first time in this court.
*578 While aggravated assault is not a lesser included offense of a charge of robbery where the robbery charge does not allege that the robbery was accomplished with a deadly weapon (or a named weapon which is obviously a deadly weapon), I do not consider that the court's charge on aggravated assault and the jury's verdict constitute fundamental error under the circumstances involved here. Appellant was not unaware that the state would attempt to prove that the alleged robbery was committed with a deadly weapon. The second count alleged use of a firearm in the commission of a felony. Thus, there was no surprise to appellant and his affirmative acquiescence at trial contributed materially to the court giving the charge. Under these circumstances, it would be ridiculous to reverse this case for a new trial on a specific charge of aggravated assault. Having made no objection at the trial, and having affirmatively acquiesced, appellant cannot not now raise this question for the first time on appeal. Compare McPhee v. State, Fla.App. (1st), 254 So.2d 406; Hood v. State, Fla.App. (4th), 287 So.2d 110.