309 So.2d 591 (1975)
John Smith LOPES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 74-821.
District Court of Appeal of Florida, Second District.
March 21, 1975.
James M. McEwen and Robert C. Gibbons of Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant was charged, tried and convicted of the crime of false imprisonment. Appellant raised two points on appeal which, after hearing oral argument, reading the briefs of the respective parties and reviewing the record, we find do not constitute reversible error.
However, we point out that immediately subsequent to the jury returning its guilty verdict, appellant was sentenced to state prison for 15 years and given credit for time served in jail awaiting trial. The record of the sentencing proceeding indicates that this was appellant's first felony conviction and the trial judge passed sentence without requesting a presentence report. See RCrP 3.710, which states in pertinent part:
... No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge. (Emphasis supplied).
See, also, Still v. State, Fla.App. 1st, 1974, 296 So.2d 67. In an abundance of caution *592 and to insure that appellant is afforded due process as provided by the rule, supra, the trial judge should have requested a presentence report. We do point out, however, that the sentence imposed was within the statutory limits and consequently valid.
Accordingly, we
Affirm, but remand for sentencing in compliance with RCrP 3.710.
HOBSON, A.C.J., and SCHEB, J., concur.