BOYER, Judge.
Appellant, defendant in the trial court, now appeals judgment entered on an adverse jury verdict and the resulting five year sentence imposed without benefit of presentence investigation.
Our review of the record reveals appellant’s attack upon the jury verdict and adjudication of guilt to be without merit. However, as to the failure to require a presentence investigation we must reverse. (See Andrews v. State, Fla.App. 1st 1975, 309 So.2d 576, opinion filed March 20, 1975, and the cases therein cited)
The learned trial judge held that F.S. 921.23, insofar as it is in conflict with Rule 3.710 RCrP is unconstitutional and therefore not controlling. In so holding he was eminently correct. (Johnson v. State, Fla.App. 1st 1975, 308 So.2d 127, opinion filed February 25, 1975) However the cited rule is applicable and is mandatory. (Mitchum v. State, Fla.App. 1st 1974, 292 So.2d 620 and Andrews v. State, supra) It is apparent from the record that the learned trial judge misunderstood or misapplied that rule.
The record clearly reveals that the appellant has a prior “rap sheet” which reveals that he has at least four prior criminal convictions. The record does not reveal any prior felony convictions. Following a quotation of Rule 3.710 RCrP the trial judge said:
“Under the rule there is no obligation on the court to order a presentence investigation in those cases where the defendant does not have prior felony convictions or convictions and in reviewing the record in this case, it is apparent to the court that this defendant does not have prior felony convictions. And I don’t believe there is any question concerning that, is there ?”
The State urges that the record reveals an admission on the part of the appellant’s counsel that appellant had prior felony *750 convictions, citing that portion of the record which reveals appellant’s counsel to have stated “Your Honor, Mr. Buckles has just been convicted of a felony in the third degree.” It is apparent though upon a reading of the record that appellant’s counsel was there referring to the conviction giving rise to this appeal and not a prior conviction.
The proper circumstances for application of the rule are thoroughly discussed in the several cases above cited and no useful purpose will be served by repeating those here.
Accordingly, the judgment here appealed is affirmed but this cause is remanded for determination as to whether appellant has a prior felony conviction or in the alternative for vacation of the sentence here appealed and a presentence investigation pursuant to Rule 3.710 RCrP followed by further proceedings consistent herewith.
It is so ordered.
RAWLS, C. J., and McCORD, J., concur.