330 So.2d 527 (1976)
David BEVERLY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. Y-302.
District Court of Appeal of Florida, First District.
April 20, 1976.
Richard W. Ervin, III, Public Defender, and Lewis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was sentenced to prison terms without the trial judge having received and considered a presentence investigation report and recommendations from the Parole and Probation Commission. Since the record does not show that appellant had a prior felony conviction, the sentencing violated Rule 3.710, F.R.Cr.P. See Mitchum v. State, Fla.App. (1st), 292 So.2d 620 (1974), and Angel v. State, Fla.App. (1st), 305 So.2d 283 (1974). There is no contention that there was a waiver of presentence investigation as was the case in Johns v. State, Fla.App. (1st), 330 So.2d 526, opinion filed this date.
We have considered the remaining point raised by appellant and find it to be without merit. See State v. Barber, Fla., 301 So.2d 7 (1974), and Terry v. State, Fla. App. (1st), 302 So.2d 142 (1974).
The convictions are affirmed, but the sentences are reversed and vacated with directions to resentence defendant after procuring and considering a presentence investigation report pursuant to Rule 3.710, F.R.Cr.P.
RAWLS, Acting C.J., and McCORD and SMITH, JJ., concur.