PEARSON, Judge.
The single point to be determined on this appeal is whether a trial judge may refuse to consider a pre-sentence investigation report mandated by Section 921.231, Florida Statutes (1975), and Fla.R.Crim.P. 3.710. We hold that a trial judge’s announcement, prior to sentencing and submission of the presentenee investigation report, that “. . . the Court is going to impose the same sentence regardless of the result of the presentence investigation” is a clear violation of the statute and rule, rendering the sentence illegal. We further hold that a defendant’s waiver of presentence investigation after the announcement by the trial judge that he will disregard the report is not a waiver of the illegality of the sentence.
Johnson was charged by information with two counts of attempted first degree murder and two counts of attempted second degree murder. He entered not guilty pleas and was tried before a jury.
At the conclusion of trial, the jury returned with a verdict of (1) guilty of the reckless display of a firearm as a lesser included offense under the charges of attempted first degree murder, (2) guilty of aggravated battery as a lesser included offense under one charge of attempted second degree murder and (3) not guilty of the other charge of attempted second degree murder.
Johnson, a first time offender, made a timely request for a presentence investigation. When the trial court announced that it would impose the same sentence regardless of the results of the presentence report, Johnson chose to be sentenced without the presentenee investigation report.
*858 The trial court sentenced him to fifteen years imprisonment on the aggravated battery charge with a minimum three years to be served before becoming eligible for parole. Johnson was also sentenced to two consecutive one year terms on the charges of the reckless display of a firearm. He now takes this belated appeal.
A reading of the language of the statute and rule reveals a clear intention that first offenders should have the benefit of a pre-sentence investigation and that trial judges should consider the report prior to sentencing. Therefore, a trial judge is not empowered to frustrate such intention by a prior announcement that he will not follow the statute and rule. See Nordone v. State, 307 So.2d 907 (Fla. 3d DCA 1975); Angel v. State, 305 So.2d 283 (Fla. 1st DCA 1974); and Harden v. State, 290 So.2d 551 (Fla. 1st DCA 1974). See also Neal v. Bryant, 149 So.2d 529 (Fla.1962).
Accordingly, the judgment of conviction is affirmed and the cause is remanded with directions to the trial court to order the preparation of a presentence investigation according to the statute and to consider the report prior to sentencing.
Reversed and remanded.