361 So.2d 433 (1978)
Eugene PEGUES, Appellant,
v.
STATE of Florida, Appellee.
No. FF-396.
District Court of Appeal of Florida, First District.
July 14, 1978.
Rehearing Denied August 31, 1978.
*435 Joseph D. Lorenz of Lorenz, Lungstrum & Heflin, Fort Walton Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
MILLS, Judge.
A jury convicted Pegues of grand larceny of a motorcycle as charged and he was sentenced to three years imprisonment. He appeals contending there was a fatal variance between the allegations of the information and the proof at trial, the removal of the motor from the frame of the motorcycle by the police the day after impoundment prejudiced his defense, the evidence was insufficient to support the verdict, the court erred in giving the standard criminal jury instruction appearing on page 179 of Florida Standard Jury Instructions In Criminal Cases, Second Edition, fundamental error was committed when the State's witnesses commented that after his arrest he made no further statement after advising he wished to call an attorney, and when the court, prior to the start of the State's case, asked his counsel if he wished to swear his client, and the court erred in sentencing him, a first felony offender, without first obtaining a presentence investigation report.
Hagler borrowed a motorcycle from Pegues on which the side cover to the engine was black. He had no trouble starting it and drove it to school, stopping and starting it several times. A motorcycle belonging to Gurley had been stolen several days before. Herbert saw Hagler drive up to the school on Pegues' motorcycle and recognized the headlights as those of Gurley's stolen motorcycle. Herbert notified Gurley and together they reported the matter to the principal who notified the police.
Pegues arrived at the school to pick up his motorcycle at about the time the police arrived. The motorcycle appeared to be his but upon close examination of the motorcycle, he realized the engine was all silver, whereas the motor on his motorcycle had a black side cover. He also noticed that about four bolts were missing and was of the opinion that if the engine had been started in this condition, it would have done a complete flip. The registration certificate on the stolen Gurley motorcycle showed a frame serial number different from that which was on the Pegues motorcycle, however, the engine number on the Pegues motorcycle matched the engine number shown on the bill of sale on the stolen Gurley motorcycle. The police informed Pegues that the motor was stolen and impounded the motorcycle. The motor was removed the next day for dusting for fingerprints.
At the trial, witness Revira stated that Pegues worked on the motorcycle at his home and during this time Pegues told him that he had stolen the parts he was putting on the motorcycle. Witnesses identified the motor, seat, headlight, front wheel and handle bars as being from Gurley's motorcycle.
Pegues argues that the evidence presented by the State concerned only motorcycle parts and that the State failed to present evidence that he either stole or was in possession of the motorcycle which the information charged was stolen by him. Thus, there was a fatal variance between the charge and the proof.
Not so. Pegues was charged with stealing a motorcycle and the evidence shows that he was found in possession of the motor, seat, headlight, front wheel and handle bars. Possession of these stolen parts is sufficient evidence that he stole the motorcycle. Lasher v. State, 80 Fla. 712, 86 So. 689 (1920). Even if there was a variance between the charge and the proof, the variance *436 was not fatal because Pegues was not misled or embarrassed in preparing and presenting his defense.
Pegues contends that the motor found on the motorcycle was placed there after it was loaned to Hagler and that it was poorly done, therefore, it would not start, but this vital evidence was denied him because the police removed the motor the day after impounding the motorcycle.
Although the motor was removed, it was not destroyed and Pegues was not denied access to the motor and the frame. The motor was removed for the purpose of dusting for prints. This was a legitimate purpose and proper police action. It could have benefited Pegues. Pegues was not precluded from submitting his testimony concerning this defense and he did. The jury rejected it.
The jury chose to believe the evidence adduced by the State and chose to reject the evidence adduced by Pegues. This the jury had the right to do. The evidence which is fully discussed in this opinion is sufficient to support the verdict. Further discussion on this point is deemed unnecessary.
The court did not err in giving the standard criminal jury instruction appearing on page 179 of Florida Standard Jury Instruction In Criminal Cases, Second Edition. If a jury believes that property in the possession of a defendant is the same as that with which the defendant was charged with stealing, the verdict of guilty may be based upon the unexplained possession of the stolen property. The possession of stolen parts may support a conviction for stealing the entire vehicle. In this case, the inference is that Pegues stole the motorcycle because he possessed a substantial portion of the motorcycle. Possession of recently stolen property was proved by Pegues who testified that all of the impounded motorcycle except the motor was his.
Two officers stated that after Pegues was given the Miranda warning, he informed them he wished to call his attorney and made no further statements. Pegues made no objection to this interrogation by the State. Pegues now contends this constitutes fundamental, harmful error of constitutional dimension which requires reversal. We do not agree. We decline to follow the decision in Collins v. State, 340 So.2d 516 (Fla. 4th DCA 1976). A defendant should not be allowed to take a chance on a not guilty verdict by not objecting, then if he is found guilty, to raise constitutional claims on appeal. We adopt the logic and reasoning set forth in Clark v. State, 336 So.2d 468 (Fla. 2d DCA 1976). An objection should have been made in this case to preserve the point on appeal. Pegues not only failed to object but he otherwise received a fair trial. Under these circumstances, a reversal is not in order.
Pegues likewise contends the remark by the trial court prior to the start of the case, "do you want to swear your client," was fundamental error. Once again, Pegues failed to object. We are of the view that an objection is necessary to preserve the point here. Where no objection is made and a fair trial received, reversal is unnecessary.
The trial court erred in sentencing Pegues, a first felony offender, without first obtaining a presentence investigation report. Fla.R.Crim.Proc. 3.710. Under the facts of this case, the court was required to receive and consider a presentence investigation report prior to sentencing. Beverly v. State, 330 So.2d 527 (Fla. 1st DCA 1976).
We affirm in part and reverse in part. We vacate the sentence and remand this case to the trial court with instructions to obtain and consider a presentence investigation report on Pegues and then to resentence him.
BOYER, Acting C.J., concurs.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
I dissent from that portion of the opinion of this court as applied to Point VII. It has been held many times that comment upon an accused's exercise of his right to remain *437 silent is reversible error without regard to the harmless error doctrine. Bennett v. State, 316 So.2d 41 (Fla. 1975); Shannon v. State, 335 So.2d 5 (Fla. 1976); Lucas v. State, 335 So.2d 566 (Fla. 1st DCA 1976); Collins v. State, 340 So.2d 516 (Fla. 4th DCA 1976). I would reverse and remand for new trial.