PER CURIAM.
The appellant, after an adverse jury verdict, was convicted of possession of over one hundred pounds of marijuana.
He was apprehended by a policeman at about 6:15 A.M. after he was observed behind a furniture and appliance store in Key West carrying a bale of marijuana or “square grouper”. At a motion to suppress hearing, the defendant urged that it was an unlawful search and unreasonable seizure. The trial court denied same. . On appeal, appellant urges error; we find none. State v. Ashby, 245 So.2d 225 (Fla.1971); State v. Belcher, 317 So.2d 842 (Fla. 2d DCA 1975); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).
A reasonable view of the record reveals that the truck and the defendant were on a public street loáding something at the rear of an appliance store in the early morning hours, not normal hours of operation. The police officer was justified in investigating and .he had a right to seize what he saw, which he testified he knew to be marijuana. Lightfoot v. State, 356 So.2d 331 (Fla. 4th DCA 1978); Albo v. State, 379 So.2d 648 (Fla.1980).
 The appellant also attempted to raise a question in this court on the class of crime charged but he did not in the trial court. His complaint comes too late. Andrews v. State, 309 So.2d 576, 577 (Fla. 1st DCA 1975), specially concurring opinion; Thompson v. State, 368 So.2d 670 (Fla. 3d DCA 1979).
Therefore, the verdict, judgment of conviction, and sentence be and they are hereby affirmed.
Affirmed.