583 So.2d 428 (1991)
Clarence WILKERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2858.
District Court of Appeal of Florida, First District.
August 5, 1991.
Nancy A. Daniels, Public Defender, and Abel Gomez, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Clarence Wilkerson has appealed his conviction and sentence for lewd and lascivious act on a child under 16, and for resisting arrest without violence. We affirm the conviction, but vacate the sentence and remand for resentencing after preparation and consideration of a pre-sentence investigation.
The charge of lewd and lascivious act on a child under 16 was based on an incident where allegedly Wilkerson awakened his daughter by rubbing his hand on her private parts. Wilkerson alleges first that the trial court erred in admitting certain similar fact evidence, to wit: the testimony of the victim's sibling to an incident a year earlier, where she awoke to find Wilkerson unfastening her pajama bottoms. The trial court did not err in the admission of this testimony. See Heuring v. State, 513 So.2d 122 (Fla. 1987); Calloway v. State, 520 So.2d 665 (Fla. 1st DCA), rev. denied 529 So.2d 693 (Fla. 1988); Montgomery v. State, 564 So.2d 604 (Fla. 3d DCA 1990).
Wilkerson's second allegation of error is premised on the provision of Rule 3.710, Florida Rules of Criminal Procedure, that "[n]o sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense ... until after [a pre-sentence] investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge." The state concedes that this was Wilkerson's first felony offense, and that the required investigation was not obtained or considered, but maintains that Wilkerson waived the error by failing to bring it to the attention of the sentencing court. This argument was rejected in Harden v. State, 290 So.2d 551 (Fla. 1st DCA 1974). See also Beverly v. State, 330 So.2d 527 (Fla. 1st DCA 1976); Pegues v. State, 361 So.2d 433 (Fla. 1st DCA 1978), cert. *429 denied 368 So.2d 1372 (Fla. 1979); Watson v. State, 371 So.2d 237 (Fla. 1st DCA 1979).
Accordingly, while Wilkerson's conviction is affirmed, his sentence is vacated. We remand for resentencing after preparation and consideration of a pre-sentence investigation, as required by Rule 3.710, Florida Rules of Criminal Procedure.
ERVIN and SHIVERS, JJ., concur.