630 So.2d 1212 (1994)
Keith HARDWICK, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2251.
District Court of Appeal of Florida, Fifth District.
January 21, 1994.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, for appellee.
*1213 COBB, Judge.
The appellant, Keith Hardwick, contends the trial evidence was insufficient to sustain his conviction for aggravated battery and, furthermore, that the trial court erred in sentencing him without first ordering a presentence investigation report.
The state's evidence was that Hardwick, who is six feet eight inches tall and weighs approximately 260 pounds, jerked the victim's purse away from her in a manner such that her left middle finger was broken in four places, requiring several surgeries.
The defendant argues that the state at most showed that he intended to take the victim's purse and not to inflict injury and that therefore the crime of aggravated battery, which in the absence of use of a deadly weapon, requires that the defendant specifically intend to cause great bodily harm, permanent disability or permanent disfigurement was not established. See Knott v. State, 573 So.2d 179 (Fla.2d DCA 1991); State v. Horvatch, 413 So.2d 469 (Fla. 4th DCA 1982).
Affirmance on this point is mandated for two reasons. First, as the state points out, this ground for acquittal was not raised in the defendant's perfunctory motions for judgment of acquittal.[1] The state is correct that these "bare bones" motions will not allow a defendant to raise every possible claimed insufficiency in the evidence on appeal. See e.g., Patterson v. State, 391 So.2d 344 (Fla. 5th DCA 1980).
Second, the defendant, in moving for a judgment of acquittal, admits not only the facts stated and evidence adduced but also every conclusion favorable to the state that a jury might reasonably infer from the evidence. The court should not grant the motion unless the evidence is such that no view which the jury may lawfully take of it favorable to the state can be sustained under the law. Lynch v. State, 293 So.2d 44 (Fla. 1974). See also Taylor v. State, 583 So.2d 323 (Fla. 1991); Herman v. State, 472 So.2d 770 (Fla. 5th DCA 1985), rev. denied, 482 So.2d 348 (Fla. 1986).
Section 784.045, Florida Statutes entitled "Aggravated battery" provides:
(1)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
In an aggravated battery prosecution, the issue of whether the victim sustained great bodily harm, permanent disability or permanent disfigurement is a question of fact, the resolution of which should not be disturbed on appeal if supported by sufficient competent evidence. E.A. v. State, 599 So.2d 251 (Fla.3d DCA 1992). The jury could have concluded that the victim's finger, which was broken in four places and which required repeated surgery including the insertion of metal pins, was a permanent disability or disfigurement particularly where, as here, the victim testified she no longer had full use of her hand.
The remaining questions concern the sufficiency of the evidence presented to show that the defendant "intentionally or knowingly" caused such an injury and the propriety of convictions for both robbery and aggravated battery arising out of a single course of criminal conduct. The defendant, recognizing that force, violence, assault, or putting in fear, is an essential element of robbery, argues that the force here was exerted in taking the purse and was not designed to produce the sort of physical harm the victim suffered. The defendant points out that nearly all the reported aggravated battery cases which do not involve use of a deadly weapon involve beatings, hittings, chokings and the like from which intent to do or knowledge of the requisite harm can easily be inferred. See e.g., Guthrie v. State, 407 So.2d 357 (Fla. 5th DCA 1981); Jackson v. *1214 State, 338 So.2d 231 (Fla.3d DCA 1976). The defendant asserts there is no evidence that he intended to cause great bodily harm, permanent disability or permanent disfigurement to the victim.
The issue of proof of intent is, in this context, analogous to that involved in theft, another specific intent offense. See Healy v. Suntrust Service Corp., 569 So.2d 458 (Fla. 5th DCA 1990). As explained in Brewer v. State, 413 So.2d 1217, 1219-1220 (Fla. 5th DCA 1982), rev. denied, 426 So.2d 25 (Fla. 1983):
Although the State must prove intent just as any other element of a crime, Uber v. State, 382 So.2d 1321 (Fla. 1st DCA 1980), a defendant's mental intent is hardly ever subject to direct proof. Instead, the State must establish the defendant's intent (and a jury must reasonably attribute such intent) based on the surrounding circumstances in the case. Keeping in mind the test to be applied to a motion for judgment of acquittal, a trial court should rarely, if ever, grant a motion for judgment of acquittal based on the state's failure to prove mental intent.
In the instant case, the victim testified to a violent encounter with the defendant:
A. Well, at that same time, I realized that it just wasn't falling out of my hand. It was being pulled to be taken. And he started running, and I was still trying to hold on to my purse.
Q. What happened then?
A. Well, when he was running and I was holding on to my purse and he was running with the purse, I was turned around very fast, jerked around. And I was still trying to hold on to it. And I remember being pulled like this and feeling the purse being pulled out of my hand.
It was just ripped out of my hand. And at that time I thought the purse strap had broken because he was stronger than me, and I couldn't hold the grip. But I realize that it was my finger breaking that broke, not the purse strap.
The jury could have concluded that the defendant, by forcibly pulling on the victim's purse, jerking her around and ripping the purse out of her hand acted with an intent to do the requisite physical harm to the victim if necessary to obtain her purse.
Indeed, this case is similar to this court's recent decision in Foster v. State, 596 So.2d 1099 (Fla. 5th DCA 1992), approved, 613 So.2d 454 (Fla. 1993). In Foster, this court approved dual convictions for robbery and aggravated battery where as here, the course of conduct did not involve a weapon and involved a single victim. The victim had been pushed to the pavement and hit when the two robbers tried to steal his wallet. While on the ground, the robbers obtained the wallet by ripping the pocket from the victim's trousers. During the robbery, the victim's elbow was shattered. In rejecting a double jeopardy challenge to the dual convictions, this court explained:
Application of the [Blockburger][2] test indicates that each crime has an element the other does not. To prove aggravated battery, the state need not establish an intent to deprive. To prove robbery, the state is not required to establish that the defendant intentionally or knowingly caused great bodily harm, permanent disability, or permanent disfigurement to the victim. If, in the course of a simple robbery without a weapon, the robber commits a battery in which he knowingly causes great bodily harm to his victim, the robber, for whatever reasons, has committed a second crime for which punishment is also due. Forming an intent to deprive a person of property and using force, violence, assault, or placing the victim in fear to achieve that purpose is different from intentionally causing great harm, permanent disability, or permanent disfigurement to an individual. The jury, based on the standard robbery and aggravated battery instructions given, properly found Foster guilty of both crimes. It may be argued that the finder of fact should not be required to "measure" the degree of force or violence used in the robbery, but such is the task assigned to it when it must determine whether a defendant *1215 is guilty of battery under section 784.03 or aggravated battery under section 784.045.
596 So.2d at 1101-1102.
We agree, however, with the appellant's contention that the trial judge erred in announcing that he was not required to order a presentence investigation (PSI) report. Florida Rule of Criminal Procedure 3.710 reads in pertinent part:
... No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge.
The appellant's scoresheet reflects that his felony convictions in the instant cause were his first felony offenses. The appellant's failure to formally object at trial does not constitute a waiver of this error. Spencer v. State, 608 So.2d 545 (Fla. 4th DCA 1992); Wilkerson v. State, 583 So.2d 428 (Fla. 1st DCA 1991).
Accordingly, we affirm the appellant's aggravated battery conviction but reverse the sentences and remand for resentencing.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] In his initial motion for judgment of acquittal, defense counsel stated:

I'm making a motion for judgments of acquittal on the counts of robbery and aggravated battery. I know that at this particular time, your ruling would be that the evidence is sufficient to go to the jury; but for the record, I would ask that.
At the close of all the evidence, counsel simply announced "And I would renew my motion."
[2] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).