676 So.2d 1030 (1996)
Orestes MARTELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1553.
District Court of Appeal of Florida, Third District.
June 26, 1996.
Orestes Martell, in pro. per.
*1031 Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, GERSTEN, and GODERICH, JJ.
GERSTEN, Judge.
Appellant, Orestes Martell (the "defendant"), appeals an order denying his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure, Rule 3.800(a). We affirm.
According to the defendant, the sentence he received pursuant to a plea bargain is illegal because the trial court failed to order a presentence investigation as required under Florida Rule of Criminal Procedure, Rule 3.710. However, this is not the type of complaint Rule 3.800(a) was designed to remedy.
Rule 3.800(a) provides that "[a] court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet." Application of the Rule is reserved for a narrow class of cases in which the sentence imposed can definitively be categorized `illegal' as a matter of law. As explained by Judge Altenbernd in Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991)(emphasis added), rev. denied, 613 So.2d 5 (Fla.1992):
Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process.

Accordingly, we hold that Rule 3.800(a) is not the proper means to challenge a court's failure to order a presentence investigation. This is so because a claim that the trial court failed to order a presentence investigation involves a fact-based post-conviction challenge to an "unlawful" sentencenot an "illegal" sentence. See Nowlin v. State, 639 So.2d 1050 (Fla. 1st DCA 1994); Brown v. State, 633 So.2d 112 (Fla. 2d DCA 1994) (Altenbernd, J., dissenting). These types of sentencing errors must either be raised on direct appeal or by a timely motion for post-conviction relief under Rule 3.850. See Young v. State, 616 So.2d 1133 (Fla. 3d DCA 1993); Pegues v. State, 361 So.2d 433 (Fla. 1st DCA 1978); Johnson v. State, 355 So.2d 857 (Fla. 3d DCA 1978).
Finally, we recognize that a court has the authority to convert a 3.800(a) action into a 3.850 proceeding in the interest of justice. DeSantis v. State, 400 So.2d 525 (Fla. 5th DCA 1981). However, the defendant's conviction became final more than two years ago and he cannot now utilize Rule 3.800(a) as a means of circumventing the strict timing requirements imposed by Rule 3.850. See Alexander v. State, 571 So.2d 122 (Fla. 3d DCA 1990). We commend the trial court's well reasoned and detailed order which we affirm in all respects.
Affirmed.