# Third District Court of Appeal

## State of Florida

Opinion filed January 5, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-1688
Lower Tribunal Nos. F91-21601B & F91-21599A

————————————

**Tivan Johnson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Tivan Johnson, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SCALES, HENDON, and MILLER, JJ.

PER CURIAM.

Affirmed. See Martell v. State, 676 So. 2d 1030, 1031 (Fla. 3d DCA 1996) (emphasis omitted) (quoting Judge v. State, 596 So. 2d 73, 77 (Fla. 2d DCA 1991) ("[Rule 3.800(a)] is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process."); Thomas v. State, 778 So. 2d 429, 430 (Fla. 5th DCA 2001) ("Whether a sentencing statute is constitutional cannot be raised for the first time in a Rule 3.800(a) motion. This type of issue, which seeks a change in the law, must be raised at sentencing and then on direct appeal."); Owens v. State, 316 So. 2d 537, 538 (Fla. 1975) ("[T]he exercise of parole authority is characterized for separation of powers purposes, the authority is only exercisable to the extent it has been conferred. No parole authority has been conferred with respect to the first 25 years of incarceration of one convicted of a capital felony."); Carrion-Viscay v. State, 478 So. 2d 1192, 1193 (Fla. 3d DCA 1985) ("[T]he sentencing court has the discretion to impose two consecutive life terms, each sentence including a twenty-five year minimum mandatory term, for two first-degree murder convictions.").