PEARSON, Judge.
The appellant pleaded guilty to an information which charged him with the unlawful possession of cocaine and heroin. Adjudication of guilty was withheld and the court placed the appellant on probation for three years. Shortly thereafter, he was arrested on a second charge for possession of narcotics. An affidavit' of violation of probation was filed and a hearing was had before the court. At the time of the hearing, the appellant had not been found guilty of a second violation. Appellant was found guilty of violating his probation, was adjudged guilty of the original offense and his probation was revoked. He was sentenced to three years in the state penitentiary.
On this appeal, the sole question presented is whether or not the trial court erred in failing to order a presentence investigation which appellant urges is required under Rule 3.710, CrPR, 33 F.S.A. The rule is as follows:
“Rule 3.710 Presentence Report
“In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge.”
Appellant urges that as far as this record reveals, he is a first offender. He urges that the rule requires a presentence investigation even though probation has intervened. We think that appellant’s position is not in keeping with a reasonable interpretation of the rule and we therefore affirm.
The rule itself makes an exception in cases in which probation is imposed, but appellant suggests that the exception applies only to the time when the defendant is placed on probation. We hold that the exception applies not only for the sentence placing the defendant on probation but also applies to any sentence which is later entered because of a violation of that probation.
Probation is usually granted on the basis of a presentence report which suggests that a given defendant is not likely to repeat his criminal conduct. State ex rel. Roberts v. Cochran, Fla.1962, 140 So.2d 597. By the violation of probation, the defendant has proved himself unworthy of leniency by the court. It would be unreasonable to hold that a presentence investigation is not necessary when a defendant is placed on probation but is necessary when the defendant is charged only with having violated the court’s own order giving him the benefit of probation. Defendant, having been granted the privilege of probation and having abused it, may not require further *283 consideration from the court under the rule stated. Cf. Clarke v. State, Fla.App.1970, 230 So.2d 486.
Affirmed.