DEKLE, Justice.
Jurisdiction vests pursuant to Art. V, § 3(b)(3), Fla.Const., F.S.A., the district court of appeal having certified its opinion, reported at 288 So.2d 281 (Fla.App.3d 1974), as passing on a question of great public interest, and the parties having petitioned this Court for review by certiorari. Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
On March 27, 1973, petitioner pleaded guilty to possession of cocaine and was placed on three years probation. On May 8, 1973, he was arrested by a Miami police officer who testified that he saw petitioner throw down a small envelope, which the officer picked up and found to contain ten cellophane packets of a white powder later confirmed to be a narcotic drug. Despite petitioner’s testimony that he never possessed the contraband and had not been involved with drugs since being put on probation, he was found to have violated his probation. On May 22, 1973, an adjudication of guilty was entered upon the initial finding of guilty of the offense to which he had pleaded guilty on March 27, 1973, and a sentence of three years in prison was imposed.
This was petitioner’s first felony offense. Prior to imposition of sentence, petitioner’s counsel moved for a pre-sentence investigation, which motion was denied. Motion for correction and vacation of sentence was also made and was denied on the basis that CrPR 3.710, 33 F.S.A., did not *711 require a pre-sentence investigation under these circumstances. The District Court of Appeal, Third District, affirmed, but certified the opinion as noted above.
CrPR 3.710 states:
“In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge.”
This is a substantial change from the provisions of former CrPR 3.790, under which a pre-sentence investigation was within the discretion of the trial court in all cases in which probation was authorized by law. Under the new rule, such investigation is discretionary except that no sentence other than probation can be imposed without it on any first felony offender or on one found guilty of a felony while under the age of 18 years. The predicate expressed in the rule for the exercise of the alternative of probation is a finding of guilty; the mandate of probation in the absence of a pre-sentence investigation is based upon this finding. The rule does not speak of an adjudication of guilt, but rather of a finding of guilt. The two are separate and distinct. Related CrPR 3.670 makes this clear by providing, in relevant part, that if the defendant is found guilty, a judgment of guilty (i. e., an adjudication of guilt) shall be rendered, but that the judge may withhold such adjudication of guilt if he places the defendant on probation. This is exactly what transpired in the trial court in this cause. The defendant having pleaded guilty on March 27, 1973, was then and there found guilty by the court and probation was granted in strict compliance with the rule in question. There was no finding of guilt on May 22, but only an adjudication of the guilt which had earlier been found and set forth in the initial judgment of March 27, contained in the record before us.
The requirement of CrPR 3.710 does not continue or revive upon a second, future occasion of an adjudication of guilt and sentencing for violation of the probation earlier granted which had already fulfilled the mandate of the rule. Once probation has been granted, and its conditions have been violated in such manner as to lead to a revocation of probation, the offender’s own acts may have shown, better than an investigation might do, that he is not a “good risk” for probation to be granted again at that time. A pre-sentence investigation then is not required by CrPR 3.710, although the trial court may refer the case for such investigation prior to the later adjudication if it feels the circumstances of the particular case warrant such action.
The wording of CrPR 3.710 mirrors the similarity of purpose of a pre-sentence investigation and that of the granting of probation. Either a granting of probation or a pre-sentence investigation is required. Probation may be used to give the offender a chance to show by his deeds that he will live within the law; a pre-sentence investigation is used to determine if there is a substantial likelihood that the offender will do so. A favorable pre-sentence report is generally the basis for granting probation; the two serve the same function. The Order Withholding Adjudication of March 27, 1973, reads inter alia> ■“and it appearing unto the Court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct . . . That is why no pre-sentence investigation is required where probation is granted; it presumes the result which such pre-sentence investigation would support; you might *712 say it becomes a useless act when the purpose is fully conceded.
Accordingly, the question certified is answered :
CrPR 3.710 does not require a pre-sen-tence investigation at the time guilt is adjudged and sentence imposed on a first felony offender, over the age of 18 years, upon a revocation of probation which had been granted without pre-sen-tence investigation on a finding of guilt or a plea of guilty of the felony offense.
Writ of certiorari is
Discharged.
ADKINS, C. J., and ROBERTS, BOYD and McCAIN, JJ., concur.