ADKINS, Justice.
Certiorari was granted in this cause to review the decision of the District Court of Appeal, Third District, 355 So.2d 812 (Fla. 3d DCA 1978), on grounds of direct conflict with the opinion of this Court in Barber v. State, 293 So.2d 710 (Fla.1974). Additionally, the recent decision of this Court in Hargrave v. State, 366 So.2d 1 (Fla.1978), demonstrates conflict.
Petitioner, the State of Florida, was ap-pellee in the District Court of Appeal for the Third District. Respondent, David Brunson, was a 17-year-old juvenile defendant in the trial court and appellant on appeal. After being charged by information with robbery, Defendant was to have been tried as an adult. Pursuant to plea negotiations he pled guilty to a reduced charge of grand larceny, was adjudicated guilty and placed on probation. The probation was specially conditioned on the completion of a vocational training program. Defendant misrepresented to the court the status of his enrollment in such a program and otherwise failed to comply with the special condition. A hearing was held on Defendant’s probation violation, at which time he was given another chance to demonstrate his potential for rehabilitation. Defendant was then enrolled in another rehabilitative program and was informed by his probation officer that a failure to complete the program would result in an appearance before the court for sentencing. He also failed to comply with the obligations of his second chance at probation. A second probation violation hearing was held. It resulted in the sentencing of Defendant to a prison term on the grand larceny charge.
Prior to sentencing, Defendant’s counsel requested the court to postpone final disposition until a presentence investigation was made and considered. The trial judge refused. Upon review, the appellate court found for the Defendant and held the trial judge’s refusal to order a presentence investigation violated Fla.R.Crim.P. 3.710. We disagree.
The primary question before this Court is whether Fla.R.Crim.P. 3.710 requires a presentence investigation before sentencing a juvenile felon who was placed on probation, but then had his probation revoked for violating its conditions. The rule states:
In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge.
This rule establishes two categories of persons who must receive^ benefit of a presen-tence investigative report prior to the imposition of a prison sentence: (1) adult first felony offenders, and (2) felony offenders under the age of eighteen. (No report is necessary where the specific sentence is mandatory. Committee note of Rule 3.710.)
This Court has held that a presentence investigation is not required for an adult first felon who has been sentenced to probation, but then had his probation revoked for violating its terms. Barber v. State, 293 So.2d 710 (Fla.1974). In that case Justice Dekle said:
The wording of CrPR 3.710 mirrors the similarity of purpose of a pre-sentence investigation and that of the granting of probation. Either a granting of proba *947 tion or a pre-sentence investigation is required. Probation may be used to give the offender a chance to show by his deeds that he will live within the law; a pre-sentence investigation is used to determine if there is a substantial likelihood that the offender will do so. A favorable pre-sentence report is generally the basis for granting probation; the two serve the same function . . . [N]o pre-sen-tence investigation is required where probation is granted; it presumes the result which such pre-sentence investigation would support; you might say it becomes a useless act when the purpose is fully conceded. Id. at 711-12. (Emphasis in original.)
The rationale of Barber also applies to convicted felons under the age of eighteen. When appearing in adult court, the juvenile offender who is placed on probation may likewise demonstrate his inability to remain within the law and thereby eliminate the need for a presentence investigation.
In Hargrave, supra, we said:
The import of the mandatory provisions of Rule 3.710 is made clear by the fact that it exempts the necessity for a presentence investigation report for first felony offenders and those under age 18 where probation has already been determined by the judge to be the appropriate sentence. (Emphasis added.)
We do not retreat from this position. A presentenee investigation is only required when probation is an alternative sentence available to the trial judge. In other situations the presentence investigation is a useful but optional tool which may be used at the trial court’s discretion.
It is the policy of this Court that youthful offenders, as a class, be sentenced to correctional programs which are designed to promote their successful return to society. We are cognizant of recent legislative efforts to provide for such programs. See Ch. 78-84, Laws of Fla.; Section 959.-115, Fla.Stat. (1977). In order for the juvenile offender to achieve the greatest chance of successful correction, the courts of this state must avoid sentences based upon guesswork and inadequate information. The presentence investigation may be a very helpful informational source and its use is encouraged.
In the case at bar, Defendant’s pattern of conduct provided the trial judge with sufficient information to terminate probation and to sentence him without benefit of presentence investigation. We specifically hold that a felon under eighteen years of age who is sentenced to probation, but who subsequently violates that probation in a manner which justifies its revocation, may be sentenced without benefit of a presentence investigation. We further hold that once a juvenile felon has demonstrated his inability to comply with the conditions of his probation and has consequently had it revoked, a presentence investigation is not required before sentencing on any subsequent felonies he may commit. We construe Fla.R.Crim.P. 3.710 to allow the trial judge to exercise his discretion in the preceding situation and sentence the juvenile as if he were a second felony offender over the age of eighteen.
Accordingly, the decision of the District Court of Appeal is quashed and that portion of Andrews v. State, 309 So.2d 576 (Fla. 1st DCA 1975) which conflicts with this decision is disapproved.
It is so ordered.
ENGLAND, C. J., and BOYD, OVER-TON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.