PER CURIAM.
Appellants raise numerous points on appeal, three of which merit more than summary discussion. The facts are as follows:
Appellants’ leased vans were seen by Chief Jones, who was patrolling the Keystone Airport, emerging in a single line from a bushy area at the end of a runway from which a plane was departing. One of the vehicles stopped at a hangar owned or leased by one Barney Cam and the remaining two proceeded from the runway onto the roadway. Chief Jones, who knew that Mr. Cam was suspected of involvement in drug operations and that there had been prior investigations pertaining to the illegal transportation of drugs at the Keystone Airport, followed the vehicles and stopped the lead one, which was driven by appellant Suders, approximately 2.1 miles from the *1133 airport to inquire why appellants were trespassing on the runways, contrary to posted signs forbidding such.
When Suders exited the vehicle, Jones smelled the odor of marijuana emanating therefrom. Suders told Jones that he had been transporting freight for Mr. Cam, which information further aroused Jones’ suspicion of criminal activity. Upon Jones’ request to view the freight, passenger Com-párate emerged, produced a wad of bills, and asked if the situation could be discussed, to which Jones responded negatively. The cargo area of the vehicle was then voluntarily opened and sealed packages found therein. Jones cut through the tape of a partially opened package and discovered marijuana. Suders and Compárate were arrested and a “BOLO” placed for the second vehicle, which was thereafter stopped and the driver, Ortiz, arrested after replying affirmatively to the arresting officer’s stated belief that the vehicle contained marijuana.
The vans were thereafter searched pursuant to a search warrant issued upon affidavits of the arresting officers sufficiently setting forth, among other things, the suspicious circumstances surrounding Jones’ initial observation of the vehicles, the apparent bribe, and the odor of marijuana emanating from the lead vehicle, as well as Jones’ knowledge of Mr. Cam’s reputation and prior investigation of the airport for illegal importation of controlled drugs. Cannabis was discovered in both vans and methaqualones in the van driven by appellant Ortiz.
Compárate, Suders and Ortiz pled nolo contendere to Count I of an information charging them with trafficking in cannabis in violation of Sections 893.135(l)(a) and 893.135(l)(a)(2), Florida Statutes. Appellant Ortiz also pled nolo contendere to Count II of that same information charging him with possession of a controlled substance in violation of Section 893.13(l)(e), Florida Statutes. Each appellant reserved the right to appeal the trial court’s denial of their motion to dismiss Count I on constitutional grounds, motion to suppress evidence seized pursuant to a warrant allegedly tainted by an illegal stop and prior warrant-less search, and motion for severance limited to the question of whether the amount of cannabis was more than 2,000 pounds. Because the latter legal issue, as reserved, would not be dispositive of the case, it was not properly preserved for appeal and will not be addressed herein. On the authority of State v. Benitez, 395 So.2d 514 (Fla.1981), we affirm the denial of the motion to dismiss.
Adverting to the motion to suppress, we conclude that Chief Jones had a reasonable suspicion to justify the initial stop of the vehicle and probable cause to believe it contained marijuana. We further conclude that the warrantless search of one of the sealed packages within the vehicle was constitutional under the “automobile exception” to the warrant requirement. United States v. Ross, -U.S. -, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Assuming arguendo, that the warrantless search of the package, as urged by appellants, was unconstitutional under the doctrine enunciated in Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), such a conclusion does not necessarily invalidate the subsequently issued warrant. As stated in Neary v. State, 384 So.2d 881 (Fla.1980):
... A search warrant is not invalidated by inclusion of illegally obtained evidence in the supporting affidavit where the affidavit contains other valid allegations sufficient to establish probable cause.
After excising reference to the aforementioned search from the affidavit for search warrant, we conclude that the remaining valid allegations are sufficient in themselves to establish probable cause.
Appellants also contend on appeal that the trial court committed error in sentencing them without the use of presentence investigation reports and consideration of same pursuant to Rule 3.710, Florida Rules of Criminal Procedure, and in imposing a fine of $2,181,848 against each appellant for trafficking in cannabis and an additional $272,000 against appellant Ortiz for possession of methaqualones. The State’s experts *1134 testified that the anticipated pecuniary gain for 2,000 pounds of marijuana was $1,015,-000 and $340,000 for 100,000 tablets of qua-ludes.
Rule 3.710, Florida Rules of Criminal Procedure, provides as follows:
In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the probation and parole commission for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the commission received and considered by the sentencing judge.
Where probation is not a viable alternative, the mandatory provision of the aforequoted rule is not applicable. See, Hargrave v. State, 366 So.2d 1 (Fla.1978); State v. Branson, 369 So.2d 945 (Fla.1979). Probation is not a permissible sentencing alternative with respect to any person found guilty of trafficking in cannabis. Section 893.-135(2), Florida Statutes. Accordingly, the trial court did not err in sentencing Com-par ato and Suders absent a PSI. However, because probation is a viable alternative with respect to one found guilty of possession of methaqualones, the trial court erred in sentencing Ortiz for that offense without a presentence investigation report and consideration of same. Angel v. State, 305 So.2d 283 (Fla. 1st DCA 1974); Johnson v. State, 355 So.2d 857 (Fla. 3rd DCA 1978).
Section 775.083(l)(a-g), Florida Statutes, sets forth the maximum fine which may be imposed for designated crimes and non-criminal violations. Subdivision (f) permits imposition of a fine higher in amount than as provided in subdivisions (a)-(e) but not greater than that amount “equal to double the pecuniary gain derived from the offense by the offender or double the pecuniary loss suffered by the victim.” That subdivision does not contemplate potential or anticipated, as opposed to actual, pecuniary gain. Subdivision (g) of Section 775.083(1) permits the imposition of a fine higher in amount than that allowed under subdivisions (a)-(f) but not greater than that “specifically authorized by statute.” Section 893.135(l)(a)(2), Florida Statutes, provides that:
(a) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of 100 pounds of cannabis is guilty of a felony of the first degree, which felony shall be known as “trafficking in cannabis.” If the quantity of cannabis involved:
(2) is 2,000 pounds or more, but less than 10,000 pounds, such person shall be sentenced to a mandatory minimum term of imprisonment of five calendar years and to pay a fine of $50,000.
Since a $50,000 fine is greater than the $10,000 fine allowable pursuant to subdivision (b) of Section 775.083(1), Florida Statutes, for the first degree felony, the former amount is the maximum amount which may be imposed upon a person found guilty of trafficking in over 2,000 but less than 10,-000 pounds of cannabis. Thus, the fines imposed upon appellants for commission of that offense were excessive. The trial court also erred with respect to the imposition of a fine in the amount of $272,000 against appellant Ortiz for possession of methaqualones in violation of Section 893.-13(l)(e), Florida Statutes. That provision provides, in pertinent part, that “any person who violates this provision is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 885.-084.” Section 775.083(l)(c), Florida Statutes, provides for a maximum fine of “$5,000, when the conviction is of a felony of the third degree.”
Accordingly, we affirm the judgments of conviction and reverse and remand the cause for resentencing consistent with this opinion.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.