MAY, J.
 

 The defendant appeals his sentence for home invasion robbery with actual possession of a firearm and attempted sexual battery with threat of great bodily force.
 
 *131
 
 He argues the trial court erred in considering his refusal to make statements during the preparation of the presentence investigation report [PSI] in denying his request to mitigate his sentence. We disagree and affirm.
 

 The defendant, a co-defendant, and a third unknown man entered the victim’s apartment. As the defendant held the victim on the floor with a gun to her head, the co-defendant attempted a sexual battery. The three men then stole various items from the victim’s apartment. The co-defendant encouraged the defendant to kill the victim, which he refused to do. The jury convicted both the defendant and co-defendant.
 

 At the sentencing hearing, defense counsel requested a youthful offender sentence and the defendant’s mother and sister addressed the court. The court and defense counsel then had the following exchange:
 

 THE COURT: I don’t think that ... [the defendant] is going to fall into the category of youthful offender here. [W]hat do I make of the fact that the PSI is essentially barren because [the defendant] ... refused to make any comments for the PSI? Should I take that as an individual who has such thorough contempt for the [s]ystem that on top of the facts of the case are something that I should consider in imposing a disposition here?
 

 MR. GLENN [Defense]: I’m not sure what you’re asking me Judge.
 

 THE COURT: He was given an opportunity to speak to the folks at DOC to provide mitigating information, information about his background—
 

 MR. GLENN: Yes.
 

 THE COURT: And he refused to participate. Should I — you know, I — I’m sentencing the whole person and should I factor into that calculation an individual who has such apparent contempt for the [s]ystem that on top of the facts of the case itself when given the opportunity to participate, ... [he] declined?
 

 MR. GLENN: My client does not wish to do that.
 

 THE COURT: I’m sorry?
 

 MR. GLENN: My client does not wish to do that. He — he feels more comfortable not making comments and part of that is based on attorney advice.
 

 THE COURT: Okay. Well, you know, there’s a — there’s a variety of factors here and I remember the evidence quite well. [S]ir, if you don’t wish to make any comments here, that’s fine. It will impact the disposition here. So you may want to think if you do not wish to make any comments here. Let me call Mr. Battista’s case, so I can get him on the way and you can let me know if your client has changed his mind at all.
 

 After handling another matter, the court resumed the hearing. Defense counsel advised the court that his client had a “couple of brief comments” to make. The defendant then asked for less time so he could go back to his family and change his life.
 

 After asking whether there was anything else from the defense, the court asked the defendant why he did not answer questions in preparation of the PSI. The defendant explained that he was sick that day. The court then remarked: “I’m not sure that that covers it, but — .” The State then indicated it had nothing further.
 

 The court articulated its findings for mitigation of the sentence: (1) the defendant’s “comments go a little ways to mitigating the sentence;” (2) the defendant’s record was much less than his co-defendant; and (3) the defendant refused to shoot the victim when instructed to do so by the co-defendant. The court indicated these factors warranted a sentence less than the life sentence imposed on the co-
 
 *132
 
 defendant, but not a youthful offender sentence. The court then sentenced the defendant to fifty years on count one with a ten-year minimum mandatory and fifteen years on count two to run concurrent. The defense did not object to the trial court’s comments and did not file a motion under Florida Rule of Criminal Procedure 3.800.
 

 Absent fundamental error, a party must make a specific legal argument to the trial court to preserve an issue for review.
 
 Jackson v. State, 983
 
 So.2d 562, 568 (Fla.2008);
 
 Lloyd v. State,
 
 876 So.2d 1227, 1228 (Fla. 4th DCA 2004). Here, no objection was made.
 

 The defendant argues, however, that the court committed fundamental error by violating his Fifth Amendment right to remain silent when it considered his silence during the preparation of his PSI in sentencing him. He further argues that the court erred in considering his lack of remorse and refusal to admit guilt. We disagree.
 

 As a general rule, trial courts have considerable discretion in sentencing within the minimum and maximum allowed by law.
 
 Nusspickel v. State,
 
 966 So.2d 441, 444 (Fla. 2d DCA 2007). The exception to this rule is where the imposition of sentence violates a defendant’s constitutional rights.
 
 Dowling v. State,
 
 829 So.2d 368, 370 (Fla. 4th DCA 2002).
 

 The Supreme Court of Florida has explained that due process prevents a court from using the fact that a defendant maintains his innocence against him at any stage of the proceedings.
 
 Holton v. State,
 
 573 So.2d 284, 292 (Fla.1990). “Although remorse and an admission of guilt may be grounds for mitigation of a sentence or a disposition, the opposite is not true.”
 
 K.N.M. v. State,
 
 793 So.2d 1195, 1198 (Fla. 5th DCA 2001). A trial court abuses its discretion and infringes on constitutional rights when it imposes a harsher sentence because a defendant exercises the right to remain silent, protests his innocence, or fails to show remorse.
 
 See Donaldson v. State,
 
 16 So.3d 314 (Fla. 4th DCA 2009).
 

 The question then is whether the trial court relied on the defendant’s silence or lack of remorse in fashioning the sentence. And if so, was its reliance on the defendant’s silence during the presentence investigation impermissible. No Florida case appears to have addressed whether a trial court can rely on a defendant’s silence during a presentence investigation. However, cases from outside of Florida have permitted trial courts to consider a defendant’s silence in a PSI when fashioning a sentence.
 
 See Kansas v. Spencer,
 
 31 Kan.App.2d 681, 70 P.3d 1226 (2003);
 
 Lee v. Wyoming,
 
 36 P.3d 1133 (Wyo.2001).
 

 In
 
 Spencer,
 
 the trial court considered the defendant’s invocation of his Fifth Amendment right in refusing to make a statement in the PSI report. 681 P.3d at 1229. The Kansas Court of Appeal found no violation when the trial court placed the defendant in “high risk status” because of the defendant’s refusal to make a statement or provide information in the PSI report.
 
 Id.
 
 at 1229-30. Similarly, in
 
 Lee,
 
 the Wyoming Supreme Court affirmed the trial court’s consideration of the defendant’s failure to submit to a psychological evaluation in sentencing the defendant. “A defendant’s failure to cooperate in the PSI is certainly a valid factor for a trial court to consider in contemplating the appropriate sentence.” 36 P.3d at 1141.
 
 [1]
 

 Here, defense counsel requested a youthful offender sentence for the defendant. The defendant was given an oppor
 
 *133
 
 tunity to present facts for the court s consideration on whether to impose such a sentence. § 958.07, Fla. Stat. (2007). Indeed, the presentence investigation specifically allowed the defendant to present his “educational background, ... employment background, ... financial status, ... social history, ... residence history, ... views of the person preparing the report as to the offender’s motivations and ambitions and an assessment of the offender’s explanations for his or her criminal activity, [a]n explanation of the offender’s ... version and explanation of any previous offenses.” § 921.231(l)(d)-(m), Fla. Stat.;
 
 see also
 
 Fla. R.Crim. P. 3.710. But, the defendant declined. Not only did the defendant decline to comment on the crime, which he is entitled to do, he also failed to provide information for the trial court’s consideration on his request for mitigation of sentence.
 

 In the discussion that preceded the sentencing, the trial court commented on the defendant’s failure to provide information for the PSI report.
 
 [2]
 
 But, there is no indication that the trial court relied on the defendant’s silence in sentencing him. The trial court gave the defendant another opportunity to speak. This second opportunity yielded only that the defendant had been sick when the presentence investigation was conducted. When a defendant provides no mitigating information, there is little for the court to consider.
 

 Further, in pronouncing sentence, there is no suggestion that the trial court used the defendant’s silence, lack of remorse, or failure to admit guilt against him; quite the contrary. The court’s comments were directed to the heinous nature of the crime. And despite that fact, the court found the defendant was entitled to a shorter, not harsher, sentence than his co-defendant because he refused to further harm the victim when encouraged to do so by the co-defendant. In actuality, there is no indication that the defendant received any harsher sentence because of his silence.
 

 We acknowledge the defendant’s Fifth Amendment right to remain silent even during the presentence investigation.
 
 Holton,
 
 573 So.2d at 292. We also acknowledge that a trial court is in essence forced to consider the lack of information in a PSI when the defendant chooses to exercise that right as it relates to mitigating information. This is especially true when a court is asked to mitigate a sentence. We find no error in these proceedings.
 

 Affirmed.
 

 POLEN and GERBER, JJ., concur.
 

 [1]
 

 .
 
 See also New Hampshire v. Burgess,
 
 156 N.H. 746, 943 A.2d 727, 739 (2008) (no error in considering the defendant’s "lack of involvement” or "failure to participate” in
 
 *133
 
 preparation of the PSI because his failure "to participate in the PSI is relevant to the defendant’s potential for rehabilitation, which is an appropriate sentencing consideration”);
 
 Ohio v. Hoying,
 
 No. 04-CA-71, 2005 WL 678989, at *5-6 (Ohio Ct.App.2d Dist. Mar. 25, 2005) (trial court correctly considered the defendant’s refusal to cooperate with the presen-tence investigation);
 
 Wisconsin v. Arrington,
 
 317 Wis.2d 730, 2009 WL 749561 (Wis.Ct. App. Mar. 24, 2009) (trial court’s remark concerning the defendant’s failure to cooperate with presentence investigator as reflective of his character and conduct was not error).
 

 [2]
 

 . The trial court s question concerning whether the defendant's silence should be considered contemptuous appears to suggest the court's displeasure with the defendant's refusal to cooperate. However, it could just have easily been an expression of frustration by the court that it had insufficient information to consider for mitigation. Courts should, however, be vigilant to avoid any suggestion of improper considerations when making remarks during sentencing.