GERBER, J.
A jury convicted the defendant of home invasion with a firearm and attempted sexual battery with threat of force. The circuit court sentenced the defendant to life in prison on the home invasion charge and to a concurrent fifteen years in prison on the attempted sexual battery charge. In this appeal, the defendant argues that the circuit court used his lack of remorse against him in imposing the life sentence on the home invasion charge and thereby committed error. We find that the court did not use the defendant’s lack of remorse against him in imposing the life sentence. Therefore, we affirm.
We provide the court’s entire statement from the sentencing hearing to put in context the court’s discussion regarding the defendant’s lack of remorse:
Okay sir, based on the jury verdict in this case, on Count 1 home invasion robbery with a firearm as charged, I’ll adjudicate you guilty of that offense. Count 2 attempted sexual battery ... on a ... person of 12 years of age or older with threat of force as charged, I’ll adjudicate you guilty of that offense. You know ... it’s interesting, I’ve .... read through the PSI, I’ve listened to all the comments here today, and I certainly feel very badly for your mother. No ... parent should ever have to be in a position of standing in a courtroom watching one of their children enduring something like this, but, you know, the interesting thing is [the victim] regardless of ... her age, she’s somebody else’s child as well, and she did not have to go through all of this. I think the testimony left no question that this crime occurred and it occurred the way that she ... described it.... I tend to agree with [the prosecutor], I think those masks came off because ... Í don’t think [the victim] was supposed to *250 survive this incident. I’m not sentencing on that basis ... I think it’s an appropriate ... conclusion to reach ... but I’m not sentencing on that basis. I am, however, considering the testimony as it was presented and this lady, quite frankly, for lack of a better way to characterize it, was terrorized in that household and these men ran after her when she tried to escape and brought her back at gunpoint to the house to terrorize her some more. I’m looking at a prior record here and at the ripe old age of 19, let’s see, I have one, two, three, four, five, six prior convictions, three of them are felonies. Most of these convictions are either for weapons offense[s] or crimes of violence. I’ve heard absolutely no recognition whatsoever on [the defendant’s] behalf that he’s done anything wrong, that he feels any remorse in the least for what was done to this lady. I remember her testimony, I have notes of it, in which she broke down what each of the individuals did and quite frankly I do think that she’s lucky to be alive and to have lived ... through this. And based on that sir, I ... think based on your record and based on this conduct, you have forfeited your right to remain out with us and I will sentence you on Count 1 to life imprisonment with a ten-year mandatory minimum, on Count 2 to 15 years in the Department of Corrections, both counts concurrent,
(emphasis added).
The defendant concedes that he did not object to the court’s comments regarding his lack of remorse. Thus, he did not preserve the argument for review. German v. State, 27 So.3d 130, 132 (Fla. 4th DCA 2010). The defendant argues, however, that the court committed fundamental error by using his lack of remorse against him in imposing the life sentence. See Hayward v. State, 24 So.3d 17, 41 (Fla.2009) (fundamental error is “an error that ‘goes to the foundation of the case ... and is equivalent to a denial of due process’ ”) (citations omitted).
We reject the defendant’s argument. We recognize that “[a] trial court violates due process by using a protestation of innocence against a defendant.” Holton v. State, 573 So.2d 284, 292 (Fla.1990). However, “remorse and an admission of guilt may be grounds for mitigation of a sentence or a disposition.” K.N.M. v. State, 793 So.2d 1195, 1198 (Fla. 5th DCA 2001).
Here, the court expressly stated that it was basing the life sentence on the defendant’s record and his conduct in this case. We perceive the court’s comments regarding the defendant’s lack of remorse as the court’s recognition that it lacked any grounds to mitigate his sentence. We see no evidence that the court used the defendant’s lack of remorse against him. Thus, we find no error. See German, 27 So.3d at 133 (“[I]n pronouncing sentence, there is no suggestion that the trial court used the defendant’s silence, lack of remorse, or failure to admit guilt against him; quite the contrary. The court’s comments were directed to the heinous nature of the crime.”).[1]
On all of the other grounds which the defendant raises in this appeal, we affirm without further comment.

Affirmed.

GROSS, C.J., and TAYLOR, J., concur.

. German was the co-defendant in this case. As we noted in German, "[c]ourts should, however, be vigilant to avoid any suggestion of improper considerations when making remarks during sentencing.” 27 So.3d at 133 n. 2.