PER CURIAM.
Alfredo Hernandez seeks a second appeal, alleging that his appellate attorney was ineffective for failing to file a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentence before the initial appellate brief was filed. See Martinez v. State, 123 So.3d 701, 703 (Fla. 1st DCA 2013) (appellate counsel may be deemed ineffective for failing to file such a motion). He claims that counsel should have preserved for appellate review an error arising from the trial court’s failure to order preparation of a presentencing investigation report (“PSI”). See Albarracin v. State, 112 So.3d 574, 574 n. 1 (Fla. 4th DCA 2013) (“The trial court’s failure to consider a mandatory presentence investigation report before sentencing a defendant is a sentencing error that can be preserved via the filing of a rule 3.800(b) motion.”). We grant the petition.
Hernandez was convicted of trafficking in marijuana in an amount greater than twenty-five pounds (count I), and unlawful *543 ly renting property for the purpose of trafficking or manufacture of a controlled substance (count II). His scoresheet provided for a minimum term of thirty-four and a half months in prison. His convictions authorized maximum terms of thirty years and five years respectively. Count I required a three year mandatory minimum term. See § 893.135(l)(a)l., Fla. Stat. (2011).
The trial court sentenced Hernandez to a ten year prison term for count I, with the three year mandatory minimum, and to a concurrent five year term on count II. The trial court did not order a PSI before it imposed the sentences, and no post-sentencing motion raised the absence. This court affirmed the direct appeal, which did not present any sentencing challenges. Hernandez v. State, 95 So.3d 240 (Fla. 4th DCA 2012). Hernandez then filed this petition alleging ineffective assistance of counsel in failing to file a rule 3.800(b)(2) motion to argue that the trial court should have ordered the PSI for both counts.
The state concedes that, as a first-time felony offender, Hernandez was entitled to the PSI with respect to count II, and therefore counsel was ineffective for failing to file the rule 3.800(b)(2) motion to preserve the issue. It argues, however, that counsel was not ineffective with respect to count I, as Hernandez was not entitled to the PSI because of the mandatory minimum term for that crime. See Comparato v. State, 419 So.2d 1131, 1134 (Fla. 1st DCA 1982) (where probation is not a viable alternative, the trial court is not required to order a PSI before sentencing). We accept the state’s concession, grant the petition, and authorize a new appeal, which will permit the filing of the rule 3.800(b)(2) motion. In doing so, as discussed below, we afford Hernandez greater relief than that offered by the state’s limited concession.
The state and Hernandez’s point of disagreement concerns a first-time felony offender’s right to a PSI in a case which carries a minimum mandatory sentence. Florida Rule of Criminal Procedure 3.710(a) provides:
In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the Department of Corrections for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge.
(emphasis added).
First-time felony offender Hernandez was entitled to preparation of the PSI before his sentencing on count II, the count without a mandatory minimum, because probation was not imposed. See Comparato, 419 So.2d at 1134. Probation was not an alternative for count I, which carries a mandatory minimum three year term. However, under the plain language of the rule, a PSI should have been prepared for both counts because Hernandez did not receive a sentence of probation on either count.
The state relies on Comparato’s holding that the mandatory language of rule 3.170, requiring a PSI for all first-time felony offenders who are not sentenced to probation, does not apply to defendants for whom probation was not a potential sentence because of the drug trafficking mandatory minimum term. As support, Com-parato cited the supreme court’s decisions of Hargrave v. State, 366 So.2d 1 (Fla. 1978), and State v. Brunson, 369 So.2d 945 (Fla.1979). We disagree with Compara-to ’s view that Hargrave and Brunson pre- *544 elude a first felony offender’s entitlement to a PSI where a mandatory minimum term prevents the court from imposing a probationary sentence.
The rule itself does not limit the PSI accordingly. The plain language provides that, with respect to first-time felons and felons under the age of eighteen years, “[n]o sentence or sentences other than probation shall be imposed ... until after such investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge.” The committee notes point to the mandatory nature of the PSI in those two instances, but comment: “[o]f course, no report is necessary where the specific sentence is mandatory, e.g., the sentence of death or life imprisonment in a verdict of first degree murder.”
Such was the case in Hargrave, where the defendant was convicted of first-degree murder, meaning life in prison or death were the only legal sentences that could have been imposed. 366 So.2d at 4. The supreme court reasoned that the trial court had no discretion to place the defendant on probation, and therefore no PSI was required. Hargrave relied on Thompson v. State, 328 So.2d 1 (Fla.1976), which held that “once the jury returns a verdict of first degree murder, the trial court is exempt from the mandatory presentence requirements of Rule 3.710.” 328 So.2d at 4.
Brunson also differs from this case because the juvenile felon in that case was before the trial court for sentencing following a violation of probation. 369 So.2d at 946. Brunson construed rule 3.710 “to allow the trial judge to exercise his discretion ... and sentence the juvenile as if he were a second felony offender over the age of eighteen.” Id. at 947. It did so based on Barber v. State, 293 So.2d 710 (Fla. 1974), which held that if a first-time felon is placed on probation and violates that probation, a PSI is not required before sentencing the felon to prison. Id. at 711-12.
We point out that Hargrave is a 1978 case, decided prior to the creation of mandatory minimum terms such as the one at issue in this case. § 893.135(1)(a)1., Fla. Stat. (2011); see also Mandatory Minimum Sentences: Exemplifying the Law of Unintended Consequences, 28 Fla. St. U.L. Rev. 935, 935-36 (2001) (noting mandatory mínimums became popular in the mid-1980s). It is significant in this case that the trial court did not impose the minimum mandatory three year term on count 1, but rather exercised its discretion to impose a ten year term, which was within the allowable range of three to thirty years. Had the court imposed only the minimum mandatory sentence, Hargrave suggests that no PSI would be required for count I.
Based on the foregoing, we accept Hernandez’s argument that the state’s construction of rule 3.710 ignores the precise holdings in Hargrave and Brunson because those decisions do not expressly or necessarily hold that rule 3.710 is inapplicable in sentencing a first-felony offender where a court retains wide ranging sentencing discretion. See Peer v. State, 983 So.2d 34, 35 (Fla. 1st DCA 2008) (“Rule 3.710(a) clearly mandates that the trial court first order a PSI before sentencing a first felony offender to more than probation.”).
The plain language of the second sentence of the rule requires the PSI for a first time felony offender where probation is not ordered. However, the first sentence of the rule allows the trial court to obtain the PSI where it has discretion in sentencing. While the PSI was required in Hernandez’s case with respect to the non-mandatory count II, once prepared, it would have been available to the trial judge who was faced with significant sen *545 tencing discretion for count I, a range of three to thirty years. See, e.g., German v. State, 27 So.3d 130, 132 (Fla. 4th DCA 2010) (noting trial court’s “considerable discretion in sentencing within the minimum and maximum allowed by law”). Therefore, even if appellate counsel could not be deemed ineffective for relying on Comparato as to count I, the failure to move for a PSI as to count II still had consequences as to count I. See Martinez, 123 So.3d at 705 (“In order to establish prejudice, petitioner need only show that the trial court’s order undermines confidence that the sentence was correctly imposed.”)
Consequently, we grant Hernandez a new appeal on the sentence in both counts, to allow appellate counsel to file an appropriate rule 3.800(b)(2) motion. This opinion shall be filed with the lower tribunal and treated as the notice of appeal of the judgment and sentence entered in February 2011. Upon receipt, the clerk of the lower court shall certify a copy of this opinion to this court in accordance with Florida Rule of Appellate Procedure 9.040(g). The appeal shall proceed under a new case number, which shall be assigned upon receipt in this court of the certified opinion. All time requirements of the Florida Rules of Appellate Procedure shall run from the date of this opinion. If Hernandez qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.
We certify conflict with Comparato to the extent it is inconsistent with this opinion.

Petition granted. Conflict certified.

WARNER, LEVINE and CONNER, JJ. Concur.