Per Curiam.
Jahem Reeters, a juvenile charged as an adult, petitions for a writ of habeas corpus claiming that the trial court has improperly held him without bond for offenses punishable by life. We deny the petition and conclude' that the- holding of Treacy v. Lamberti, 141 So.3d 174 (Fla. 2013), does not apply in this case due to changes in juvenile sentencing law passed in 2014. Because life is now a possible punishment for juveniles charged as adults with offenses punishable by life, bond may be denied where the proof of guilt is evident or the presumption is great.

Factual and Procedural Background

In June 2016, when he was 14 years old, petitioner was taken into custody as a juvenile for carjacking with a firearm, carrying a concealed firearm, and fleeing or eluding police. The probable cause affidavit reflects that petitioner and a co-defendant approached the victim in a store parking lot as he walked to his vehicle. Petitioner demanded the victim’s keys, and when the victim refused, petitioner pointed a gun at the victim’s forehead. The victim handed over the keys, and petitioner and the- co-defendant took the victim’s vehicle. Petitioner drove the vehicle and refused to stop when police attempted to pull him over. He led police on a high speed chase. He and the co-defendant ultimately surrendered when cornered in a dead-end street. Police found the gun in the vehicle.
Petitioner was initially charged as a juvenile and released from custody. Eight *266 months later, in Februaiy-2017, the State filed an information charging him as an adult for this incident with armed, carjacking, robbery with a firearm, aggravated fleeing and eluding (high speed), and driving without a license. The court issued a capias for petitioner’s arrest, directing that he be held without bond.
Before arraignment, recognizing that he would be taken into custody on the no bond capias, petitioner filed a motion to set bond and argued that, pursuant to Treacy v. Lamberti 141 So.3d 174 (Fla. 2013), he could not be held without bond. He. appeared at arraignment and was taken, into custody.
, At the hearing on the motion to set bond, the State noted that petitioner was charged in Miami-Dade circuit court with attempted robbery with a firearm and attempted felony murder. He had another Miami-Dade case for grand theft auto and burglary of a conveyance.
Defense counsel explained that petitioner was not alleged to be the shooter in the Miami-Dade case and that the trial judge in that case had released petitioner to house arrest on an ankle monitor after an Arthur hearing.[1] Petitioner appeared at his' arraignment for this case wearing the ankle monitor and knowing he would be take'n into custody. Defense counsel argued that the court had to set bond based on Treacy. Counsel recognized that juvenile sentencing law had changed since Treacy but' argued that there is á presumption against a life sentence for a juvenile. The State would have to show that, considering the statutory factors, a life sentence is appropriate. Alternatively, defense counsel asked the court to exercise its discretion to grant bond and presented testimony from petitioner’s mother regarding his financial ability to post a bond.
The State countered that life was a possible sentence, whether or not it was likely, and that the court could hold petitioner with no bond.
The court concluded that Treacy no longer controlled because the law had changed. After reviewing the packet submitted by the State,, the court found that proof of guilt was evident and the presumption great. The court declined to exercise its discretion to grant bond pointing out the very serious nature of the charges in this case. Petitioner allegedly pointed a firearm at the victim’s head when he refused to give'up'the keys to his vehicle. The court explained that regardless of whether a life sentence was likely, the danger to the community and risk of flight were substantial. The court denied the motion and continued to hold petitioner without bond pending trial. This petition followed.

Analysis

This habeas corpus petition presents a pure question of law subject to a de novo standard of review. State v. Blair, 39 So.3d 1190, 1191 (Fla. 2010).
Article I, Section 14 of the Florida Constitution provides: “Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions.”
Armed carjacking and robbery, with a firearm are first degree felonies punishable by life. § 812.133(2)(a), Fla. Stat. (2016); § 812.13(2)(a), Fla. Stat. (2016). Petitioner does not contest the trial court’s finding that proof of guilt is evident and *267 the presumption great for these counts.[2] Nor does petitioner challenge the trial court’s discretionary decision to decline to set bond in this case. Petitioner’s argument is purely legal. He contends that Treacy remains valid and that he is entitled to bond.
In Treacy, the Florida Supreme Court held that a juvenile was entitled to bond, even for an offense punishable by life, because Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), prohibited a life sentence without parole for a non-homicide offense. Treacy, 141 So.3d at 175 (“Because we find that juvenile offenders cannot be charged with a crime punishable by life imprisonment under Florida’s current statutory scheme and Graham, we hold that such defendants are entitled to bond under the provisions of article I, section 14, of the Florida Constitution.”) (emphasis supplied). Central to the Florida Supreme Court’s decision was the fact Florida law at the time did not provide for parole or a sentence review process for juveniles. Thus, pursuant to Graham, a juvenile could not constitutionally receive a life sentence for a non-homi-eide offense at the time of Treacy.
In 2014, however, the Florida Legislature enacted new statutes for sentencing juveniles convicted as adults. Ch. 2014-220, Laws of Fla. Pursuant to section 921.1401, Florida Statutes (2016), a trial court may sentence a juvenile to life imprisonment for a non-homicide offense after considering various factors. Pursuant to section 921.1402, a juvenile sentenced to life (or beyond certain thresholds) is entitled to sentence review by the judge after a specified period.
Thus, if convicted as charged, petitioner could ultimately be sentenced to life if the judge finds it appropriate after considering the statutory factors in section 921,1401, which provides as follows:.
(2) In determining whether life imprisonment or a term of years equal to life imprisonment is an appropriate sentence, the court shall consider factors relevant to the offense and the defendant’s youth and attendant circum-' stances, including, but not limited to:
(a) The nature and circumstances of the offense committed by the defendant.
(b) .The effect of the crime on the victim’s family and on the community.
(c) ' The defendant’s age, maturity, intellectual capacity, and mental and emotional health at the time of the offense,
(d) The defendant’s background, including his or her family, home, and community'environment,
(e) The effect, if any, of immaturity, impetuosity, or failure to appreciate risks and consequences on the defendant’s participation in the offense.
(f) The extent of the defendant’s participation in the offense.
(g) The effect, if any, of familial pressure or peer pressure on the defendant’s actions.
(h) The nature and extent of the defendant’s prior criminal history.
(i) The effect, if any, of characteristics attributable to the defendant’s youth on the defendant’s judgment.
(j) The possibility of rehabilitating the defendant.
§ 921.1401(2), Fla. Stat. (2016).
If sentenced to life for non-homicide offenses, petitioner’s sentence would *268 be subject to review after 20 years and, if necessary, 10 years thereafter. § 921.1402(d). Unlike the situation in Trea-cy, petitioner has not shown that a life sentence under the current statute would violate Graham.
Petitioner argues that the statutory scheme creates a presumption against a life sentence for a juvenile and that the State has failed to show that a life sentence would be appropriate under the 2014 statute. He contends that, absent evidence that the statutory factors support a life sentence, he is not charged with an offense punishable by life. He argues that Treaey has not been abrogated by the change in sentencing law and that, although a life sentence is possible and might ultimately be imposed, this does not mean that he can be held without bond. He argues that, although the legislature enacted sections 921.1401 and 921.1402 to satisfy the requirements of Graham, Treaey remains valid law because he cannot be sentenced to life without a full sentencing hearing. He notes that the court made no findings that he could be sentenced to life as authorized by section 921.1401.
We disagree with petitioner’s argument and conclude that Treaey’s holding does not apply under the facts of this case. Changes in juvenile sentencing law now make a life sentence possible. Treaey’s holding was based on the fact that a life sentence could not have been imposed “under Florida’s current statutory scheme.” 141 So.3d at 175 (emphasis supplied). That is no longer the situation. The Florida Constitution provides that the offense must be “punishable” by life: a life sentence must only be possible—not likely—in order to deny bond.
In Treaey, the Florida Supreme Court disagreed with this Court’s conclusion that Article I, Section 14 focused on the classification of the crime. Id. at 178. Treaey concluded that the plain language of the Constitution requires a punishment-based analysis. Id. Applying a punishment-based analysis, and the plain language of the Constitution, a life sentence is now possible, so Treaey’s holding no longer applies.

Conclusion

Petitioner has not shown error in the trial court’s conclusion that he is not entitled to bond under Article I, Section 14 of the Florida Constitution. To deny bond, the trial court was not required to find that a life sentence is likely under section 921.1401.[3] Accordingly, the petition is denied.

Petition denied.

Taylor, Damoorgian and Gerber, JJ., concur.

. State v. Arthur, 390 So.2d 717 (Fla. 1980).

. Petitioner has not taken issue with the deni- . al of bond on the other two counts, which are not offenses punishable by life.

. A defendant's youth and the other factors in section 921.1401 are matters that a trial court may consider when exercising its discretion to grant bond. See Arthur, 390 So.2d at 720 (recognizing that, even where proof of guilt is evident or the presumption great, the court has discretion to grant or deny bail and that "[o]n this issue, the burden is on the accused to demonstrate that release on bail is appropriate”).