DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICKOLAS WHITE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3500

[ May 8, 2019 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 95-000066 CF10B.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Appellant, Nickolas White, was convicted of first-degree murder for a homicide he committed as a juvenile. In 2017, appellant was resentenced to life in prison with sentencing review after 25 years. Appellant now appeals that sentence, raising six issues. We reverse as to appellant's first issue and hold that the trial court erred in failing to order a presentence investigation ("PSI") before resentencing him to life in prison. We affirm as to all other issues raised, but write to address appellant's argument that section 921.1401, Florida Statutes, violates the Sixth Amendment.

### *PSI Issue*

We first address appellant's argument that the trial court erred in resentencing him without first obtaining a PSI.

The legality of a criminal sentence is reviewed de novo. *State v. Valera*, 75 So. 3d 330, 331–32 (Fla. 4th DCA 2011).

Florida Rule of Criminal Procedure 3.710 governs presentence investigations. The version of rule 3.710(a) in effect at the time of appellant's resentencing states in relevant part:

> No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge.

Fla. R. Crim. P. 3.710(a) (2017).[1]

Under this version of rule 3.710(a), a PSI is required for a first-time felony offender or juvenile offender where the trial court has sentencing discretion and where probation is not ordered. *Hernandez v. State*, 137 So. 3d 542, 543–45 (Fla. 4th DCA 2014). "The trial court's failure to consider a mandatory presentence investigation report before sentencing a defendant is a sentencing error that can be preserved via the filing of a rule 3.800(b) motion." *Albarracin v. State*, 112 So. 3d 574, 574 n.1 (Fla. 4th DCA 2013).

In this case, the trial court had the discretion to sentence appellant anywhere between 40 years in prison and life in prison. *See* § 775.082(1)(b)1., Fla. Stat. (2017) (prescribing the sentencing range for a juvenile who is convicted of a capital felony and who actually killed, intended to kill, or attempted to kill the victim).[2] Thus, because appellant was a juvenile at the time of the offense and the trial court had sentencing discretion, the trial court's failure to order a PSI before resentencing appellant to life in prison was error. Moreover, we conclude that this error was preserved in appellant's rule 3.800(b)(2) motion, and that the defense never expressly waived the right to a PSI.

---

[1] The rule was amended effective January 1, 2019. *In re Amends. to Fla. Rules of Criminal Procedure—2018 Regular-Cycle Report*, 43 Fla. L. Weekly S430 (Fla. Oct. 4, 2018). The rule now states that "[n]o sentence or sentences other than probation *or the statutorily required mandatory minimum* may be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years . . . ." Fla. R. Crim. P. 3.710(a) (2019) (emphasis added).

[2] Based on the jury instructions at trial and the language of the indictment, the jury necessarily found that appellant actually killed the victim.

The State acknowledges *Hernandez* and *Albarracin*, but argues that a trial court's failure to order a PSI should be treated as an error in the sentencing process that is not cognizable in a rule 3.800(b) motion. We reject the State's argument.

Rule 3.800(b) "may be used to correct and preserve for appeal any error in an order entered as a result of the sentencing process—that is, orders related to the sanctions imposed." *Jackson v. State*, 983 So. 2d 562, 574 (Fla. 2008). In other words, "rule 3.800(b) is intended to permit defendants to bring to the trial court's attention errors in sentence-related *orders*, not any error in the sentencing process." *Id.* at 572. "Sentencing errors" under rule 3.800(b) are errors "related to the ultimate sanctions imposed, whether involving incarceration, conditions of probation, or costs." *Id.* at 573.

Here, the trial court's failure to order a PSI created an error in the "order entered as a result of the sentencing process." *Id.* at 574. The trial court's imposition of a life sentence in this case without first ordering a PSI was an error that was apparent on the face of the sentencing order and was related to the ultimate sanction imposed. Stated another way, this issue involves an error in the sentencing order because, contrary to the version of rule 3.710(a) in effect at the time of resentencing, the trial court imposed a sanction greater than probation on a juvenile offender without first ordering a PSI. Therefore, as this court has already held, a trial court's failure to consider a mandatory PSI before sentencing a defendant is a sentencing error that may be preserved via the filing of a rule 3.800(b) motion. *Id.* at 574 n.1.

The State also argues that even if the trial court erred in failing to order a PSI, any error was harmless because the trial court considered evidence regarding "essentially everything that would have been included in a PSI." We reject the State's harmless-error argument. The version of rule 3.710 in effect at the time of resentencing expressly prohibited the imposition of a sentence other than probation on any juvenile or first-time felony offender until: (1) after a PSI had first been made; and (2) the recommendations of the Department had been received and considered by the trial judge. Accordingly, as a juvenile offender in a case where the trial court had sentencing discretion, appellant had a mandatory procedural right to a PSI, which was never waived on the record. Furthermore, it is possible that the PSI may have included additional information on some of the relevant sentencing factors. Thus, it cannot be said that the error was harmless.

3

### *Sixth Amendment Issue*

For the trial court's benefit on remand, we also address appellant's argument that section 921.1401, Florida Statutes, violates the Sixth Amendment by allowing the trial court, rather than a jury, to make the finding as to whether life imprisonment is an appropriate sentence for a juvenile offender under the relevant sentencing factors. Because this issue is a pure question of law, our standard of review is de novo. *Plott v. State*, 148 So. 3d 90, 93 (Fla. 2014).

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Stated another way, "any fact that exposes the defendant to a greater punishment than that authorized by the jury's guilty verdict is an element that must be submitted to a jury." *Hurst v. Florida*, 136 S. Ct. 616, 621 (2016) (internal alterations and quotation marks omitted).

However, as the United States Supreme Court explained in *Apprendi*, nothing in our legal history "suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute." *Id.* at 481. "[J]udges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case." *Id.*

Furthermore, the Supreme Court has expressly rejected the notion that "any fact that influences judicial discretion must be found by a jury," explaining that "broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Alleyne v. United States*, 570 U.S. 99, 116 (2013).

The present case involves the constitutionality of a juvenile sentencing statute that was enacted to satisfy the dictates of *Miller v. Alabama*, 567 U.S. 460 (2012). Florida's juvenile sentencing procedure requires a trial court to conduct an individualized sentencing hearing to determine if life imprisonment is an appropriate sentence for a juvenile convicted of a capital felony. §§ 775.082, 921.1401, Fla. Stat. (2017). In determining whether life imprisonment is an appropriate sentence, the court must consider factors relevant to the offense and offender, including various enumerated statutory factors. § 921.1401(2), Fla. Stat. (2017).

Both the First District and the Third District have held that Florida's juvenile sentencing procedure set forth in section 921.1401 does not violate the Sixth Amendment under *Apprendi* and its progeny. *See, e.g.*, *Simmons v. State*, 44 Fla. L. Weekly D659, D659 (Fla. 1st DCA Mar. 7, 2019); *Copeland v. State*, 240 So. 3d 58, 59–60 (Fla. 1st DCA 2018); *Beckman v. State*, 230 So. 3d 77, 94–97 (Fla. 3d DCA 2017). Our sister courts reasoned that section 921.1401 does not alter the statutory maximum or minimum that may be imposed on a juvenile offender; nor does it make the imposition of a life sentence contingent on any particular finding of fact. *Simmons*, 44 Fla. L. Weekly at D659; *Beckman*, 230 So. 3d at 96. The statutory factors in section 921.1401 are not elements that enhance the prescribed penalty, but rather "are merely sentencing factors which the trial judge may take into consideration when exercising his discretion to impose a sentence within the range prescribed by statute and ensure proportionality." *Simmons*, 44 Fla. L. Weekly at D659.

We reject appellant's attempt to analogize section 921.1401 to Florida's pre-*Hurst* death-penalty statute. The procedure in section 921.1401 is distinguishable from Florida's pre-*Hurst* death-penalty statute, as the latter statute unconstitutionally required the sentencing judge to find the existence of an aggravating circumstance that was necessary for the imposition of the death penalty. *See Hurst*, 136 S. Ct. at 624 ("Florida's sentencing scheme, which required the judge alone to find the existence of an aggravating circumstance, is therefore unconstitutional.").

We find *Beckman* and *Simmons* to be persuasive and adopt their reasoning as our own. Section 921.1401 does nothing more than require a trial judge to take into consideration traditional sentencing factors— relating both to offense and offender—in imposing a sentence within the range prescribed by statute. Therefore, we conclude that the juvenile sentencing procedure set forth in section 921.1401 does not violate the Sixth Amendment under *Apprendi*.

### *Conclusion*

In sum, we reverse appellant's sentence and remand with instructions for the trial court to order a PSI before resentencing appellant. *See Householder v. State*, 231 So. 3d 490, 490–91 (Fla. 4th DCA 2017). On all other issues, we affirm.

*Affirmed in part, Reversed in part, and Remanded.*

CIKLIN and LEVINE, JJ., concur.

\*      \*      \*

*Not final until disposition of timely filed motion for rehearing.*