DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JONATHAN LACUE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D21-1892

[December 15, 2021]

Petition alleging ineffective assistance of counsel to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Tim Bailey, Judge; L.T. Case No. 96-002302CF10B.

Jonathan Lacue, Wewahitchka, pro se.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for respondent.

KLINGENSMITH, J.

Petitioner Jonathan Lacue timely filed a petition claiming ineffective assistance of appellate counsel following his direct appeal from resentencing. Lacue alleges that his appellate counsel failed to preserve one error on direct appeal and failed to raise additional errors in a post-conviction motion. The State argues that the trial court's error in failing to order a presentence investigation report (PSI) should not be addressed in a Florida Rule of Criminal Procedure 3.800(b)(2) motion and otherwise is harmless. For the reasons set forth below, we grant the petition and remand for the trial court to resentence Lacue with the benefit of a PSI. We also deny without comment all other claims raised in the petition.

In 1996, Lacue was convicted of first-degree murder and robbery with a firearm for offenses committed shortly before he turned eighteen and was sentenced to life in prison. In 2017, he was resentenced pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), and the trial court reimposed a life sentence. On direct appeal from this resentencing, appellate counsel raised five issues. Our court remanded for the trial court to include a provision for sentence review after twenty-five years and affirmed the other

four issues. *Lacue v. State*, 270 So. 3d 413 (Fla. 4th DCA 2019). This petition follows.

A "habeas corpus petition presents a pure question of law subject to a de novo standard of review." *Reeters v. Israel*, 223 So. 3d 265, 266 (Fla. 4th DCA 2017). The standard of review for claims of ineffective assistance of appellate counsel raised in habeas petitions "mirrors the *Strickland* standard for trial counsel ineffectiveness." *Jones v. Moore*, 794 So. 2d 579, 583 (Fla. 2001). To prove a claim of ineffective assistance of appellate counsel through a habeas petition, a petitioner must prove

> first, that appellate counsel's performance was *deficient* because "the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance" and second, that the petitioner was *prejudiced* because appellate counsel's deficiency "compromised the appellate process to such a degree as to undermine confidence in the correctness of the result."

*Rutherford v. Moore*, 774 So. 2d 637, 643 (Fla. 2000) (quoting *Thompson v. State*, 759 So. 2d 650, 660 (Fla. 2000)).

In this petition, Lacue alleges that his appellate counsel was ineffective because Lacue was entitled to a PSI prior to resentencing. *See White v. State*, 271 So. 3d 1023, 1026 (Fla. 4th DCA 2019). We have previously found appellate counsel ineffective for not filing a rule 3.800(b)(2) motion to preserve a trial court's error in failing to consider a mandatory PSI. *Hernandez v. State*, 137 So. 3d 542, 544–45 (Fla. 4th DCA 2014); *see Rodriguez v. State*, 152 So. 3d 1290, 1291 (Fla. 4th DCA 2015).

The State makes two arguments against reversing Lacue's sentence. The State argues first, that this error is not cognizable in a rule 3.800(b)(2) motion, and second, that the error is harmless because the trial court considered similar sentencing factors pursuant to section 921.1401(2), Florida Statutes (2015). However, we have previously considered and rejected these arguments. *See White*, 271 So. 3d at 1026-27. Although the State acknowledges that both *White* and *Hernandez* controlled the lower court's decision, it asks us to reconsider the holdings in those cases. We decline to do so.

Accordingly, we grant this petition and remand for the trial court to resentence Lacue with the benefit of a PSI. A new direct appeal is unnecessary under these circumstances. *See Anderson v. State*, 988 So.

2d 144, 146 (Fla. 1st DCA 2008) ("[W]here a second appeal would be redundant or unnecessary, it is appropriate to simply grant petitioner the relief to which he would have been entitled had the issue been raised in the original appeal."). Lacue's remaining claims are denied.

*Petition granted in part, denied in part and remanded.*

DAMOORGIAN and KUNTZ, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***